601 So.2d 24 (1992)
Bruce V. MacFADYEN, Jr.
v.
W. Chapman LEE, Leo A. Farmer, Donald R. Cowick and James P. Dore.
No. CA 91 0770.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Rehearing Denied July 14, 1992.
*25 Boris F. Navratil, Baton Rouge, for plaintiff-appellant, Bruce V. MacFadyen, Jr.
Dana K. Larpenteur, Plaquemine, and James Dore, Plaquemine, for defendants-appellees, W. Chapman Lee, et al.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
WHIPPLE, Judge.
This case is before us on appeal by plaintiff, Dr. Bruce V. MacFadyen, Jr., from a judgment in favor of defendant, James P. Dore, maintaining the peremptory exception raising the objection of no cause of action. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Dr. Bruce V. MacFadyen, Jr., instituted this suit for defamation and malicious prosecution against three other doctors, W. Chapman Lee, Leo A. Farmer and Donald R. Cowick, and their attorney, James P. Dore. Plaintiff was an expert witness who testified adversely to the three defendant doctors in a suit for medical malpractice filed against them by the survivors of Todd Blanchard. Subsequent to the malpractice suit, the doctors instituted a suit for defamation and malicious prosecution against plaintiff, alleging that plaintiff had given false testimony. Plaintiff alleges in the instant suit that Dore "deliberately encouraged Lee, Farmer and Cowick, to file their suit against petitioner, where he knew or should have known, that such a suit was proscribed by law".
Defendants then filed a peremptory exception raising the objection of no cause of action.[1] In a judgment rendered on July 27, 1990, and signed on August 17, 1990, the trial court granted the exception only insofar as it applied to defendant James P. Dore and dismissed him from the suit. The court, however, granted plaintiff's motion for new trial, limited to reargument.
Following reargument, the trial court granted plaintiff's motion for new trial but only to the extent that plaintiff was allowed fifteen days to amend his petition, if *26 he could, so as to state a cause of action against defendant James P. Dore. Plaintiff then amended his original petition by additionally alleging specific acts by Dore which plaintiff argues constituted malicious prosecution.
In a judgment signed on March 4, 1991, the trial court again granted the exception raising the objection of no cause of action as to defendant James P. Dore. Plaintiff appeals this judgment.

DISCUSSION
Plaintiff contends the trial court erred in sustaining defendant Dore's exception of no cause of action, arguing that the petition states a cause of action for malicious prosecution and defamation.
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of a petition. For purposes of ruling on the objection, no evidence may be introduced to support or oppose the exception. The court must accept all factual allegations of the petition as true and sustain the objection only if no remedy is afforded under the allegations asserted. LSA-CCP art. 931; Penalber v. Blount, 550 So.2d 577 (La.1989). An objection of no cause of action must be overruled if the petition states a cause of action on any ground or portion of the demand. Hillman v. United States Aviation Underwriters, 509 So.2d 125 (La.App. 1st Cir. 1987).

MALICIOUS PROSECUTION
To recover damages for malicious prosecution, a plaintiff must allege and prove that there was: (1) commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by the defendant against the plaintiff, who was the defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d 446 (La.1987).
To prevail in a malicious prosecution claim, there must be legal causation by the present defendant of an original criminal or civil proceeding against the plaintiff. Miller, 511 So.2d at 452. In the present case, plaintiff alleges that defendant Dore was the attorney for defendants Lee, Farmer and Cowick (plaintiffs in the original proceeding), not that Dore was a party to that proceeding. Thus, plaintiff fails to allege a necessary element of malicious prosecution.
Suits are filed by an attorney only in a technical sense but are actually instigated and carried on by the plaintiffs. The attorney is simply the instrument through which the clients invoke a judicial determination. Dalton v. Breaux, 510 So.2d 1277 (La.App. 3rd Cir.), writ denied, 513 So.2d 293 (La.1987).
The relationship between attorney and client is one of principal and agent. Sondes v. Sears, Roebuck and Company, 501 So.2d 829 (La.App. 4th Cir.1986). An agent is not responsible to third persons where his principal is disclosed, unless by certain conduct the agent makes himself personally liable. One manner in which an attorney may so bind himself is if he exceeds the limits of his agency. Sondes, 501 So.2d at 832. Another is if the attorney engages in intentionally tortious conduct, such as violating prohibitory laws through the seizure of public assets in violation of a protective order. See Penalber, 550 So.2d at 577.
After a thorough review of plaintiff's petition, as amended, we conclude that no cause of action for malicious prosecution has been alleged against defendant Dore. Plaintiff alleges that Dore deliberately encouraged the doctors to file suit; gave evasive discovery responses; and wrongfully opposed procedural motions which prolonged the litigation against Dr. MacFadyen. Plaintiff does not allege that Dore either exceeded the scope of his agency or engaged in intentionally tortious conduct. At best, plaintiff alleges that Dore zealously prosecuted a weak case on behalf of his clients. Accordingly, we find the *27 petition does not state a cause of action against Dore.

DEFAMATION
Having determined that the conduct of Dore as alleged by plaintiff does not state a cause of action for malicious prosecution, the only remaining question is whether those allegations state a cause of action for defamation.
The essential elements for a claim for defamation are: (1) defamatory words; (2) communication to persons other than the one alleging the action; (3) falsity; (4) malice, actual or implied; (5) resulting injury; and (6) where the action is based on statements made in a judicial proceeding, the termination of that proceeding. Owens v. Jackson, 550 So.2d 359 (La.App. 3rd Cir. 1989).
Plaintiff does not allege in his petition that Dore himself communicated any defamatory words other than the filing of the lawsuit but that Dore "deliberately encouraged Lee, Farmer and Cowick to file their suit" and committed acts in connection with the litigation which amounted to malicious prosecution. However, Dore was not a plaintiff in that suit; he was the attorney. Any allegations made in that suit are imputable to Lee, Farmer and Cowick, not Dore. Consequently, the petition states no cause of action for defamation against Dore.
Plaintiff further alleges that Dore knew that Lee, Farmer and Cowick had no cause of action against plaintiff, and that in insisting that a suit be filed anyway, Dore knew that his clients were motivated by revenge and malice. Plaintiff makes other allegations relative to Dore's continued prosecution of his clients' case against plaintiff and suggests that Dore misled the trial court in that case as to the existence of favorable evidence. Plaintiff argues on appeal that these allegations state a cause of action against Dore. We disagree.
Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. A non-client, therefore, generally cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. An attorney's duty is to zealously represent his client. Penalber, 550 So.2d at 581.
Under the facts alleged by plaintiff in his petition, as amended, no cause of action is stated against defendant James P. Dore. Our courts have previously held that the allegation of filing a suit frivolously can not be construed as an allegation of malice. See Spencer v. Burglass, 337 So.2d 596 (La.App. 4th Cir.1976), writ denied, 340 So.2d 990 (La.1977). Therefore, the trial court was correct in maintaining the exception raising the objection of no cause of action as to Dore.
Plaintiff's assignment of error lacks merit.

CONCLUSION
Having concluded that the judgment appealed from is correct, we hereby affirm the judgment maintaining the exception. All costs of this appeal are to be paid by the plaintiff.
AFFIRMED.
COVINGTON, C.J., and LeBLANC, J., concur.
NOTES
[1] The exception also urged the defense of res judicata, upon which the trial court apparently did not rule. This issue has not been raised on appeal.