715 So.2d 135 (1998)
Joseph Miles ARLEDGE, Plaintiff-Appellant,
v.
Janet Mize HENDRICKS, Ronald Hendricks and E. Rudolph McIntyre, Jr., Defendants-Appellees.
No. 30588-CA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1998.
*137 Albert W. Block, Jr., Monroe, for Plaintiff-Appellant.
Cook, Yancey, King & Galloway by F. Drake Lee, Jr., Shreveport, for Defendants-Appellees.
Before BROWN, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.
PEATROSS, Judge.
In this libel action, plaintiff Joseph Miles Arledge appeals the judgment of the trial court sustaining defendant E. Rudolph McIntyre, Jr.'s exception of no cause of action and dismissing, with prejudice, Arledge's claims against McIntyre. For the following reasons, we reverse.

FACTS
In an action filed February 14, 1996, Arledge named as defendants his ex-wife, Janet Mize Hendricks; her present husband, Ronald Hendricks; and E. Rudolph McIntyre, Jr., the attorney for Mrs. Hendricks. Arledge's petition alleged that on February 14, 1995, McIntyre filed a rule for custody and child support on behalf of Ms. Hendricks which contained the allegation that Arledge repeatedly engaged in vaginal and anal aggravated rape of his minor child, a felony punishable by a mandatory life sentence. The petition also alleged that McIntyre's signature on the rule was a certification that McIntyre had conducted an objective investigation of the factual allegations. Arledge further asserted that the defendants knew or should have known he did not commit that crime.
Specifically, the allegations in Arledge's petition concern information allegedly known by the defendants that the minor child's condition had not improved subsequent to her removal from Arledge's care. Arledge stated in his petition that Ms. Hendricks was informed, on or about March 6, 1995, that the condition of their daughter "indicated no improvement." Arledge asserted that Ms. Hendricks knew that he had not been alone with his daughter since April 23, 1994. Arledge further asserted that, on or about March 14, 1995, McIntyre received a March 6, 1995 report that the child's condition had not improved and McIntyre withheld the existence and content of that report.
Arledge asserted that defendants continued to withhold the March 6, 1995 report; that defendants had not withdrawn the libelous statement; and, that defendants had also accused him in the petition of stalking, reckless operation of a vehicle and harassing phone calls, all misdemeanor criminal offenses. Finally, Arledge denied those offenses and stated that defendants knew or should have known the statements were false.
McIntyre responded with a dilatory exception of prematurity, which the parties later *138 stipulated had been made moot by the termination of the suit in which the libelous allegations were allegedly made.[1] In addition, McIntyre raised the peremptory exceptions of no cause and no right of action.
After a hearing on the remaining exceptions, the trial court ruled that Arledge's petition did not state a cause of action against McIntyre. The trial court stated that, as Ms. Hendricks' attorney, McIntyre was her agent and did not owe a duty to Arledge, absent allegations that McIntyre exceeded the limits of his agency or committed an intentional tort. The court found that the petition did not contain allegations that McIntyre himself communicated defamatory words to third persons other than the filing of the lawsuit and that McIntyre had not violated any ethical duties by withholding the written report. The trial court stated that, without proof of intentionally tortious conduct, a non-client cannot hold his adversary's attorney personally liable for malpractice or negligent breach of a professional obligation. The trial court thus concluded that, since Arledge's petition contained no allegation of an intentional tort, no cause of action was stated.
In accordance with La. C.C.P. art. 934, the trial court allowed Arledge ten days to amend his petition. Arledge failed to amend and, on July 23, 1997, the trial court signed a "Judgment of Dismissal," which was subsequently designated by the trial court as a final judgment. This appeal followed.

DISCUSSION
In deciding whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous supporting or controverting evidence. La. C.C.P. art. 931; Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127. The court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo, supra; Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La. 1993). However, Louisiana retains a system of fact pleading. La. C.C.P. art. 854, official revision comment (a). The mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action. Montalvo, supra; Latham v. Latham, 216 La. 791, 44 So.2d 870 (1950).
The purpose of the exception of no cause of action is not to determine if plaintiff will ultimately prevail at trial, but is to ascertain if a cause of action exists. When it is reasonably possible, the court should maintain a petition against the peremptory exception of no cause of action so that the litigant is afforded an opportunity to have his day in court to present his evidence. Walters v. Rubicon, Inc., 96-2294 (La.App. 1st Cir. 12/29/97), 706 So.2d 503.
The five essential elements of defamation are defamatory words, publication, falsity, malice, and resulting injury. If even one of these elements is absent, the cause of action fails. Defamatory words are defined as words which tend to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating with him. To be actionable, the words must be communicated or published to someone other than the plaintiff. Words which expressly or implicitly accuse another of criminal conduct or which, by their nature, tend to injure one's personal or professional reputation are considered defamatory per se. If the plaintiff proves publication of defamatory per se words, the elements of falsity and malice are presumed although they may be rebutted by the defendant. Injury is also presumed. If the words are not defamatory per se, the plaintiff must prove (in addition to defamatory meaning) publication, falsity, malice and injury. Malice, the lack of a reasonable belief in the truth of the statement, may sometimes be inferred from the surrounding circumstances. Injury may include nonpecuniary or general damages such as injury to reputation, personal humiliation, embarrassment and mental *139 anguish even when no special damage such as loss of income is claimed. Even if the plaintiff makes a prima facie showing of the essential elements of defamation, there is no recovery if the defendant shows that the statement was true or that the statement was protected by an absolute or qualified privilege. Kosmitis v. Bailey, 28,585 (La. App.2d Cir. 12/20/96), 685 So.2d 1177.
Arledge contends that the trial court erred in finding no cause of action stated because Arledge's petition did not allege that McIntyre intentionally defamed Arledge. According to Arledge, defamation is an intentional act by its nature. Arledge contends that if defamatory per se words are published, then falsity and malice are presumed, but may be rebutted. Arledge urges that the petition alleged that he committed the incestuous rape of his daughter, a criminal offense. Arledge argues, therefore, that because the accusation is clearly defamatory per se, malice and falsity are presumed and his petition sets forth all the elements of an action for defamation.
While the foregoing argument is generally correct, the jurisprudence has set out special requirements for defamation actions based upon pleadings filed by the attorney of one's opponent in litigation. In Louisiana, an attorney does not owe a legal duty to his client's opposing party when acting on behalf of his client. A non-client, therefore, cannot hold the attorney of his opponent personally liable for malpractice or negligent breach of a professional obligation. The policy behind this rule is not to reduce a lawyer's responsibility for his actions, but is to prevent a chilling effect on the adversarial process of representing one's client and to prevent a division of the loyalty an attorney owes the client. Montalvo, supra.
The above-stated rule, however, does not prevent an attorney from being sued by his client's opponent. Quoting Penalber v. Blount, 550 So.2d 577 (La.1989), the Montalvo court stated:
Intentionally tortious actions, ostensibly performed for a client's benefit, will not shroud an attorney with immunity. Consequently, even though an attorney does not generally owe a duty to his client's adversary, under the broad ambit of LSA-C.C. art. 2315, an attorney may be held personally accountable for his intentional tortious conduct .... (citation omitted)
Montalvo, supra, at 130.
The Montalvo court noted that identifying an intentional tort in the context of an attorney's actions may be more difficult than identifying a traditional intentional tort. The mere filing of a lawsuit, even if the suit appears meritless on its face, is not enough, since the attorney may be simply the instrument through which the client invokes judicial determination. Montalvo, supra. For a petition to state a cause of action against an opponent's attorney, the petition must allege facts showing, on the part of the attorney, specific malice or an intent to "cause direct harm" in persuading his client to initiate and continue the suit. Montalvo, supra.
Thus, as framed by the Montalvo court, in a suit against an opponent's attorney, the issue is whether the facts of the plaintiff's petition allege an intent on the part of the attorney to "cause direct harm" to the plaintiff. Montalvo, supra. No cause of action is stated if the petition alleges only negligence or malpractice on the part of the attorney. See Montalvo, supra. See also Penalber, supra.
In the instant case, the relevant paragraphs of Arledge's petition allege:
2.
On February 14, 1995 E. Rudolph McIntyre, Jr. filed a pleading styled as a Rule For Custody, Child Support and Related Issues in a pending lawsuit styled and entitled "Janet Mize V. Joseph Miles Arledge" bearing docket number 94-1442 Fourth Judicial District Court for Ouachita Parish stating: "He has repeatedly engaged in both vaginal and anal aggravated rape of the minor child."
* * * * * *
6.
Defendants knew or should have [sic] that Plaintiff had not committed the crime *140 which they accused him of on February 14, 1995.
* * * * * *
9.
E. Rudolph McIntyre, Jr. signed the Rule to Show Cause as attorney thereby certifying that he has conducted an objective investigation of the facts stated.
* * * * * *
11.
E. Rudolph McIntyre, Jr. received a written report on or about March 14, 1995 again stating no improvement (in the condition of the child). (Parenthetical information added.)
* * * * * *
13.
On July 28, 1995 Plaintiff requested that the Court remove the child from the home of Ronald and Janet Hendricks and to [sic] be placed in foster care so therapy could continue without the interference and manipulation of defendants. The court appointed therapist testified that the sexual abuse could be continuing.
* * * * * *
15.
Defendants have not withdrawn the libelous statement made February 14, 1995.
* * * * * *
18.
Defendants knew or should have known that the statements were false.
As stated above, our inquiry is whether the petition alleges facts sufficient to establish that McIntyre intended to cause direct harm to Arledge and, therefore, establishes a cause of action in intentional tort. As stated above, the five essential elements of the intentional tort of defamation are defamatory words, publication, falsity, malice, and resulting injury. Paragraph two of Arledge's petition alleges the petition filed by McIntyre accused Arledge of the aggravated rape of his minor child. Aggravated rape is a criminal offense, therefore, this statement would be defamation per se. Kosmitis, supra. The petition also alleges publication, in that it alleges the statement was made in a petition, docket number 94-1442. Since the alleged statement is defamatory per se, falsity, malice, and injury are presumed. Kosmitis, supra. The petition thus states a cause of action in defamation.
As required by Montalvo, however, the petition must also allege intent on the part of McIntyre to cause direct harm to Arledge. The trial court found the allegations insufficient in this regard. We disagree.
Paragraph six of Arledge's petition alleges that McIntyre "knew" that Arledge had not committed the crime of which he was accused in the February 14, 1995 petition. Paragraph eighteen again alleges that McIntyre "knew" the statements in the February 14, 1995 petition were false. La. C.C.P. art. 856, in pertinent part, provides: "Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." The official revision comment notes that a person's malice, intent, knowledge or other condition of mind cannot be particularized, can only be raised through a general allegation thereof, and that this has been held to be sufficient under the jurisprudence. See Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La. 1984). Although Arledge's allegation of knowledge of falsity may be considered vague, it is broad enough to require the admission of evidence. Jenkins v. Ouachita Parish School Bd., 459 So.2d 143 (La.App. 2d Cir.1984), writ denied, 462 So.2d 652 (La. 1985).[2]
We note that in MacFadyen v. Lee, 601 So.2d 24 (La.App. 1st Cir.1992), writ denied, 606 So.2d 544 (La.1992), the first circuit found no cause of action to lie against an attorney for alleged defamatory statements contained in a pleading filed by the attorney on behalf of his clients. The MacFadyen court based its holding on the premise that "any allegations made in the *141 suit" were imputable to the clients, not to the attorney. See MacFadyen, supra, at 27. The statement, while generally correct, is overly broad. In Louisiana, an attorney enjoys only a qualified privilege with regard to defamatory statements made in judicial proceedings. Freeman v. Cooper, 414 So.2d 355 (La.1982). Quoting with approval Sabine Tram Co. v. Jurgens, et al, 143 La. 1092, 79 So. 872 (1918), the supreme court stated in Freeman:
The learned counsel for appellee invoked the doctrine prevailing in England and in the jurisdiction of some of the courts of this country that every allegation that is pertinent to an issue presented for decision in a judicial proceeding is protected by an absolute privilege, and that such an allegation cannot be a cause of action for libel or slander even though it was a false and injurious accusation, and even though the party making it knew it was false, or had not just or probable cause to believe it to be true. It is sufficient to say that that doctrine has no place in the system of law prevailing in Louisiana.

* * * * * *
No one has a right to deem appropriate or pertinent to an issue presented for decision in a judicial proceeding a libelous allegation that he knows is false or that he has not just or probable cause to believe is true. (emphasis original and citations omitted)
Freeman, supra, at 359.
When reasonably possible, the court should maintain a petition against the peremptory exception of no cause of action so that the litigant is afforded an opportunity to have his day in court to present his evidence. Walters, supra. Accepting as true that McIntyre filed the petition on behalf of his client with knowledge that the petition falsely accused Arledge of the rape of his daughter, we must reach the conclusion that Arledge's petition sufficiently alleges an intent to harm Arledge on the part of McIntyre. The petition therefore alleges an intentional tort on the part of McIntyre and states a cause of action against him under the rule pronounced in Montalvo, supra.[3]

CONCLUSION
The judgment sustaining the exception of no cause of action against McIntyre and dismissing, with prejudice, the claims against McIntyre is reversed and the case is remanded to the trial court for further proceedings according to law. Costs are to be assessed at the conclusion of the litigation.
REVERSED AND REMANDED.
STEWART, J., dissents with written reasons.
STEWART, Judge, dissenting.
When signing a pleading, an attorney certifies that "to the best of his knowledge, information, and belief formed after reasonable inquiry" the pleading is well grounded in fact. La. C.C.P. art. 863(B). In the instant case, Arledge alleges in paragraph 13 of his petition that the "court appointed therapist testified that the sexual abuse could be continuing." The fact that child has been sexually abused is not controverted. Was McIntyre obligated to fully investigate and verify information provided by his clients and to discover who abused the child prior to filing a rule on February 14, 1995?
By finding the vague, general allegations of Arledge's petition sufficient to withstand an exception of no cause of action, the majority not only produces a chilling effect on the adversarial process but also imposes an oppressive burden a attorney to establish the veracity of information provided by their clients prior to filing any pleading and interferes with an attorney's ethical obligation to his client.
The majority opinion ignores the jurisprudential created "special requirements" for *142 defamation actions based upon pleadings filed by the attorney of one's opponent in litigation. To state a cause of action against the attorney of one's adversary, one must allege facts showing the adversary's attorney had specific malice or an intent to harm in persuading the client to initiate and continue the suit. The mere filing of a lawsuit, even if meritless on its face, is insufficient to constitute a cause of action against the adversary's attorney because an attorney is simply the instrument through which the client seeks judicial relief. Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127. (Emphasis added.) No cause of action against an attorney exists for allegedly defamatory statements made in a pleading filed by the attorney on behalf of his clients. MacFadyen v. Lee, 601 So.2d 24 (La.App. 1st Cir.1992), writ denied, 606 So.2d 544 (La.1992).
In the instant case, the petition contained no specific allegations of malice or an intent to harm by McIntyre. Accepting the allegations of the petition as true and resolving any doubt in favor of maintaining the action, Arledge did not state a cause of action against the attorney who represented his opponent in the previous litigation. Therefore, I would affirm the judgment sustaining the exception of no cause of action against McIntyre and dismissing the petition with prejudice.
NOTES
[1] In the custody action containing the allegedly defamatory statements, Mize v. Arledge, No. 94-1442, Ouachita Parish, judgment was rendered on November 20, 1996, dismissing all claims that Joseph Arledge sexually abused the minor child.
[2] See also Little v. Campbell, 20 So.2d 627 (La. App. 1st Cir.1945), in which the first circuit stated that knowledge charged to the defendants was not a conclusion, but a fact to be proved as any other material fact.
[3] Since this action was before the trial court on an exception of no cause of action, McIntyre is not permitted to penetrate Arledge's general allegations of knowledge and intent. We note, however, as did the supreme court in Mayer, supra, that the procedural vehicle of motion for summary judgment is available to discern the substance of the allegations. See Mayer, supra. La. C.C.P. art. 966. We further note, out of caution, that this opinion does not in any way change Arledge's burden of proof in prosecuting his intentional tort action.