792 So.2d 832 (2001)
Akili WYATT, Plaintiff,
v.
ELCOM OF LOUISIANA, INC., d/b/a KSLA-TV, Defendant-Applicant.
No. 34,786-CW.
Court of Appeal of Louisiana, Second Circuit.
June 22, 2001.
*833 Robert E. Barkley, Jr., Nicholas D. Doucet, New Orleans, Counsel for Applicant.
Ronald J. Miciotto, Shreveport, Counsel for Appellee.
Before NORRIS, BROWN and DREW, JJ.
DREW, J.
Elcom of Louisiana, Inc. d/b/a KSLTV (KSLA) appeals the denial by the trial court of its Motion for Summary Judgment. We reverse and grant the motion.

Facts
According to an affidavit executed by Gaylon Reasons, News Director for KSLA, on February 19, 1998, KSLA received information about a fatal shooting on Estelle Street in Bossier City; the victim was a teenager named LaStarsky Franks. Based on the information received from *834 detectives at the scene and Mike Halphen, Bossier City Police Information Officer, KSLA began to run news stories about the incident. The following day, KSLA contacted the Bossier City Police Department to check on the status of the investigation. Officer Halphen advised KSLA that Akili Wyatt had been arrested and charged with the shooting and that the department believed he fired the fatal shot, but they expected to make more arrests. KSLA ran subsequent stories about the fatal shooting on February 20 and 21; they included Wyatt's name. On February 23, KSLA again contacted Bossier City Police and were told by Officer Halphen that another person had been arrested and charged with second degree murder, but the department continued to believe Wyatt fired the fatal shot. KSLA ran subsequent stories on February 23 and 24 about the shooting and investigation and again used Wyatt's name.
On February 16, 1999, Wyatt filed a petition alleging that he was never indicted for the shooting and murder of Franks and KSLA's coverage of the shooting and subsequent investigation contained false and defamatory statements regarding his participation in the killing. KSLA filed a motion for summary judgment, arguing that the reports were true, they reasonably relied on information provided by the Bossier City Police Department, and there was no evidence of malice on the behalf of KSLA. In support of its motion for summary judgment, KSLA filed Mr. Reasons' affidavit, transcripts of the broadcasts, and requests for admissions and the answers wherein Wyatt admitted he was arrested on February 20, 1998 and charged with the shooting of Franks. Wyatt filed a response to the motion for summary judgment, but did not file any supporting affidavit or other competent summary judgment evidence. The trial court denied KSLA's motion, finding that Wyatt had adequately alleged the necessary elements of defamation. KSLA filed a writ challenging the ruling, which was granted and docketed for appeal.

Law and Argument
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgments are appropriate. Provenza v. Central & Southwest Services, Inc., 34,162 (La.App.2d Cir.12/15/00), 775 So.2d 84. Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966; Id. If the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine issue as to a material fact, then the movers are entitled to summary judgment as a matter of law. Id. A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Id. The burden of proof on a motion for summary judgment is on the movers. However, if the movers will not bear the burden of proof at trial on the matter, the movers' burden does not require them to negate all essential elements of the adverse party's claim. The movers must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art 966(C)(2).
In McConathy v. Ungar, 33,368 (La.App.2d Cir.8/23/00), 765 So.2d 1214, this court pointed out that even before the enactment of La. C.C.P. art. 966(C)(2) in 1997, our jurisprudence recognized that due to the constitutional considerations involved in defamation actions, summary adjudication is a useful procedure and an effective screening device for avoiding the unnecessary harassment of defendants by *835 unmeritorious actions which threaten First Amendment liberties. Sassone v. Elder, 626 So.2d 345 (La.1993); Kosmitis v. Bailey, 28,585 (La.App.2d Cir.12/20/96), 685 So.2d 1177; and Bell v. Rogers, 29,757 (La.App.2d Cir.8/20/97), 698 So.2d 749. In a defamation setting, plaintiff's allegations are tested through summary judgment proceedings to determine whether the plaintiff will likely be able to prove his factual assertions with convincing clarity at trial. McConathy, supra. The plaintiff in a defamation action bears an extremely heavy burden to withstand a Motion for Summary Judgment. Bell, supra.
When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, supported by affidavits or other competent evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967; Bellott v. Emery, 32,104 (La.App.2d Cir.9/22/99), 748 So.2d 16.
The five essential elements of defamation are defamatory words, publication, falsity, malice, and resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196 (La.1980); Steed v. St. Paul, 31,521, 31,522 (La. App.2d Cir.2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290; Elmer v. Coplin, 485 So.2d 171 (La. App. 2d Cir.), writ denied, 489 So.2d 246 (1986); Arledge v. Hendricks, 30,588 (La. App.2d Cir.6/26/98), 715 So.2d 135, writ denied, 98-2015 (La.11/20/98), 728 So.2d 1287. If even one of these elements is absent, the cause of action fails. Arledge, supra. Defamatory words are words which tend to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating with him. Elmer, supra; Steed, supra; Arledge, supra. To be actionable, the words must be communicated or published to someone other than the plaintiff. Arledge, supra. Malice is the lack of reasonable belief in the truth of the words. Bell, supra; Steed, supra.
Words which expressly or implicitly accuse another of criminal conduct or which, by their nature, tend to injure one's personal or professional reputation are considered defamatory per se. Elmer, supra; Steed, supra; Arledge, supra. If the plaintiff proves publication of defamatory per se words, the elements of falsity, malice, and injury are presumed although they may be rebutted by the defendant. Id.
Even if the plaintiff makes a prima facie showing of the essential elements of defamation, there is no recovery if the defendant shows that the statement was true or that the statement was protected by an absolute or qualified privilege. Arledge, supra. Truth is an absolute defense to the action for defamation. Moore v. Cabaniss, 29,834 (La.App. 2 Cir. 9/24/97), 699 So.2d 1143, writ denied, 97-2667 (La.1/9/98), 705 So.2d 1108.
Wyatt argues that KSLA accused him of killing Franks. However, according to the transcripts submitted by KSLA, in none of the broadcasts did KSLA state, explicitly or implicitly, that Wyatt definitely killed Franks. KSLA reported that the police believed Wyatt fired the fatal shot, and that the police accuse, charge, think, and believe Wyatt killed Franks.
The record shows that KSLA reported that Wyatt was accused of and charged with killing Franks, which Wyatt admitted was true in his response to admissions which KSLA filed with their motion for summary judgment. The record also shows that KSLA reported the stance the Bossier Police Department took in their investigation, that the Bossier Police Department said, believed, thought, and accused Wyatt of killing Franks, which was *836 supported by Reasons' affidavit. Through its exhibits to the motion for summary judgment, KSLA pointed out to the court that there is an absence of factual support for one of the elements essential to Wyatt's claim. Provenza, supra.
Wyatt did not put forth any evidence that what KSLA aired was not true. Wyatt rested on the mere allegations of his pleading, not supporting his opposition to KSLA's motion by affidavits or competent summary judgment evidence. Since KSLA showed an absence of factual support for an element of Wyatt's defamation claim, falsity, and Wyatt did not controvert KSLA's summary judgment evidence, summary judgment is appropriate and shall be rendered against Wyatt. La. C.C.P. art. 967; Bellott, supra.

DECREE
For the reasons expressed above, we reverse the trial court and grant KSLA's Motion for Summary Judgment at plaintiffs costs.
REVERSED AND RENDERED.