841 So.2d 1017 (2003)
Anthony LENTINI, et al., Plaintiff-Respondent,
v.
NORTHWEST LOUISIANA LEGAL SERVICES, INC., Defendant-Applicant.
No. 36,620-CW.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
Writ Denied May 30, 2003.
*1018 F. Drake Lee, Jr., Herschel E. Richard, Jr., Shreveport, for Applicants, James A. Vaughn & Northwest Louisiana Legal Services.
Walter F. Clawson, Shreveport, for Respondents, Anthony & Beverly Lentini and A & B Finance, Inc.
Billy J. Guin, Jr., for Respondent, Vive Ann Cummings.
Charles G. Tutt, Shreveport, for Respondent, Artis Cole.
David C. Turansky, Shreveport, for Respondent, Joan Smith.
William D. Medlin, Shreveport, for Respondent, Denver Norris.
*1019 Before WILLIAMS, DREW and HARRISON (Pro Tempore), JJ.
WILLIAMS, Judge.
The defendants, Northwest Louisiana Legal Services and James Vaughan, appeal a judgment in favor of the plaintiffs, Anthony Lentini, Beverly Lentini and A & B Finance, Inc. The district court denied the defendants' second peremptory exception of no cause of action filed in response to the plaintiffs' first amended petition for damages based on defamation. For the following reasons, we affirm.

FACTS
In June 1995, Anthony Lentini, Beverly Lentini and their finance company, A & B Finance, Inc., were made party defendants in a civil class action lawsuit filed in federal district court. The class action plaintiffs were represented by Northwest Louisiana Legal Services ("NLLS") and its employee, attorney James Vaughan. The federal class action lawsuit alleged that the Lentinis and their company had used fraudulent means to collect debts, had violated the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act and had committed mail and wire fraud. In January 1998, the federal lawsuit was voluntarily dismissed.
In September 1998, the plaintiffs, Anthony and Beverly Lentini and A & B Finance, Inc., filed a petition seeking damages for defamation against the defendants, NLLS, Vaughan and their class action clients, Vive Ann Cummings, Joan D. Smith, Denver Norris and Artis Cole. The plaintiffs' petition alleged that the federal pleadings contained defamatory and libelous statements which accused the Lentinis and their company of engaging in criminal conduct.
Subsequently, NLLS and Vaughan filed a peremptory exception of no cause of action, based on the qualified privilege given attorneys who make defamatory statements in the course of a judicial proceeding. Without written reasons, the district court sustained the exception and pursuant to LSA-C.C.P. art. 934, granted the plaintiffs 15 days to amend their petition to state a cause of action.
In response, the plaintiffs filed an amended petition adding an allegation that NLLS and Vaughan had filed the federal suit with the intent to cause direct harm to the plaintiffs by seeking to "break up" the finance company. The defendants filed a second exception of no cause of action, on the grounds that the amended petition failed to cure the deficiencies of the original petition. The district court overruled the exception. We granted the defendants' application for supervisory writs and placed the matter on our appeal docket. Lentini v. Northwest Legal Services, 36,620 (La.App.2d Cir.8/22/02).

DISCUSSION
The defendants contend the district court erred in denying the exception of no cause of action. Defendants argue that the plaintiffs' petition did not set forth allegations of fact sufficient to overcome the qualified privilege afforded to attorneys for defamatory statements made in a judicial proceeding.
In deciding whether a petition states a cause of action, the court must accept well-pleaded allegations of fact as true without reference to any extraneous supporting or controverting evidence. LSA-C.C.P. art. 931; Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127. The issue to be resolved is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. The mere conclusion of the pleader unsupported by facts does not set forth a cause of *1020 action. Montalvo, supra; Arledge v. Hendricks, 30,588 (La.App.2d Cir.6/26/98), 715 So.2d 135.
To state a cause of action for defamation, the plaintiff must allege all of the following elements: (1) defamatory words; (2) publication or communication to persons other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Accusations of criminal conduct are defamatory per se, such that falsity, malice and injury are presumed and the defendant has the burden of rebutting the presumption. Kosmitis v. Bailey, 28,585 (La.App.2d Cir. 12/20/96), 685 So.2d 1177.
In Louisiana, an attorney does not owe a legal duty to his client's opponent when acting on behalf of his client. Thus, a non-client cannot hold his opponent's attorney personally liable for malpractice or negligent breach of a professional obligation. However, an attorney may be held personally accountable for his intentionally tortious conduct. Montalvo, supra; Arledge, supra. In this state, an attorney has a qualified privilege for defamatory statements made in a judicial proceeding. Such statements must be material and made with probable cause and without malice. Freeman v. Cooper, 414 So.2d 355 (La.1982).
Louisiana jurisprudence has established specific requirements for defamation actions based upon pleadings filed by an opponent's attorney in litigation. To state a cause of action against the attorney of an opponent, the plaintiff's petition must allege facts which show the attorney's intent to cause direct harm to the plaintiff by filing the pleading. Montalvo, supra; Arledge, supra.
In the instant case, the relevant paragraphs of the plaintiffs' petition and amended petition allege:
2.
On June 16, 1995, defendants, ... filed at the United States District Court Clerk's Office in Shreveport, Louisiana, a class action complaint styled, "VIVE ANN CUMMINGS, JOAN D. SMITH, DENVER NORRIS, and ARTIS COLE, individually and on behalf of all others similarly situated v. BEVERLY J. LENTINI, et al," Suit No. 95-1041. . . .

* * *
5.
This pleading contained defamatory and libelous allegations that BEVERLY LENTINI, ANTHONY LENTINI and A & B FINANCE, as well as others, had conspired to commit and had committed criminal acts in connection with their attempt to collect on certain promissory notes executed by various consumers. The allegations of criminal acts contained in the pleading include allegations that BEVERLY LENTINI, ANTHONY LENTINI and A & B FINANCE had used fraudulent means to collect debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, [and] had conspired to violate and did violate the Racketeer Influenced and Corrupt Organizations Act ....

* * *
9.
The allegations made in said pleadings constitute an unwarranted, false, malicious and libelous attack on the honesty and integrity of the personal and business reputations of BEVERLY LENTINI and ANTHONY LENTINI, as well as
on the business reputation of defendant, A & B FINANCE, INC.

*1021 * * *
14.
Defendants NORTHWEST LOUISIANA LEGAL SERVICES and JAMES A. VAUGHAN, at the time they filed said class action complaint against plaintiffs intended herein to cause direct harm to the plaintiffs, inasmuch as it was their motive and intention to break up A & B FINANCE, INC. which company was at all times pertinent to this matter, owned in part by ANTHONY LENTINI and BEVERLY LENTINI.
In Arledge v. Hendricks, supra, Arledge's petition alleged that his opponent's attorney had filed a pleading with the knowledge that accusations of Arledge's criminal conduct contained therein were false. Accepting this allegation as true for the purposes of the exception, this court concluded that Arledge's petition sufficiently alleged an intent to cause him harm by the opposing attorney and stated a cause of action for defamation.
In their brief, defendants contend that even if Vaughan and NLLS filed the federal suit seeking to eliminate the financial viability of A & B Finance as alleged, the mere existence of such a motive, without more, does not constitute an actionable tort, since the law is not concerned with an attorney's subjective intent in pursuit of litigation. However, contrary to the defendants' contention, the heightened pleading standard which they invoke expressly raises the issue of an attorney's intent to cause harm to the client's adversary in filing a pleading.
The purpose of the exception of no cause of action is not to determine if plaintiff will ultimately prevail at trial, but to ascertain whether a cause of action exists. When reasonably possible, the court should maintain a petition against the peremptory exception of no cause of action so that the litigant is afforded an opportunity to present his evidence in court. Arledge, supra.
Accepting as true the allegation that Vaughan and NLLS filed pleadings containing defamatory per se statements with the goal of injuring the economic interests of the plaintiffs, we conclude that the plaintiffs' petition adequately alleges an intent by Vaughan and NLLS to cause direct harm to plaintiffs. Consequently, the petition states a cause of action for defamation and the district court did not err in denying the exception of no cause of action.

CONCLUSION
For the foregoing reasons, the district court's judgment denying the exception of no cause of action is affirmed. Costs of this appeal are assessed to the appellants, Northwest Louisiana Legal Services and James Vaughan.
AFFIRMED.