# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**03-0759**

CARROL J. VINCENT

VERSUS

AMANDA CANNON MILLER, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 02-4572
HONORABLE WILFORD CARTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

OSWALD A. DECUIR
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

Allen L. Smith, Jr.
Plauche, Smith & Nieset
P. O. Drawer 1705
Lake Charles, LA 70601
(337) 436-0522
Counsel for Defendants/Appellees:
    Roger G. Burgess
    Erin McCall Alley
    Amanda Cannon Miller
    Judy Simon Miller

Carrol J. Vincent
In Proper Person
P. O. Box 985
Sulphur, LA 70664
(337) 842-3600

DECUIR, Judge.

Carrol J. Vincent appeals a judgment of the trial court granting summary judgment in favor of attorneys Roger Burgess and Erin Alley.

**FACTS**

Vincent filed suit against Amanda Cannon Miller and Judy Simon Miller, and their attorneys, Burgess and Alley, alleging intentional tortious conduct. Specifically, Vincent alleged that defendant's attorneys made written and oral statements accusing him of stalking Amanda and Judy and stating that he had been arrested for stalking. He alleges that these accusations of criminal conduct are false and defamatory per se.

The defendants filed exceptions of no cause of action and motions for summary judgment. Vincent dropped his complaint against Amanda and Judy, but the trial court granted the exceptions of no cause of action in favor of Amanda, Judy, and attorney Alley. In addition, the trial court granted the motions for summary judgment in favor of Burgess and Alley. Vincent lodged this appeal with respect to the grants of summary judgment.

**DISCUSSION**

At the outset, we note that, on appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id*. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, no genuine issues of material fact exist. *Id*. Material facts are those that determine the

2

outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id*. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

A successful claimant in a defamation action must establish five elements: (1) defamatory words; (2) publication; (3) falsity; (4) malice; and (5) injury. Ordinarily, where the defamatory words complained of are statements that the injured party engaged in criminal conduct and publication is established, the elements of falsity, malice, and injury are presumed although they may be rebutted. *Arledge v. Hendricks,* 30,588 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, *writ denied*, 98-2015 (La. 11/20/98), 728 So.2d 1287.

Vincent's petition alleges that the defamatory remarks were made and published in the course of the prior judicial proceedings. Statements made in the course of a judicial proceeding are subject to a qualified privilege if the statements are material to the proceeding, and are made with probable cause and without malice. *Freeman v. Cooper*, 414 So.2d 355 (La.1982). Qualified privilege is an affirmative defense to defamation. La. Code Civ.P. art. 1005; *Douglas v. Thomas*, 31,470 (La.App.2d Cir. 2/24/99), 728 So.2d 560, *writ denied*, 99-0835 (La. 5/14/99), 741 So.2d 661. The existence of this affirmative defense is apparent on the face of the allegations in the petition, supporting documents (*i.e.*, the allegations that the defamatory statements were made in the course of previous litigation), and the motion for summary judgment.

Additionally, there is a heightened pleading requirement when suing an attorney (and/or clients) for defamation in the context of a judicial proceeding. This

3

heightened standard requires the plaintiff to allege facts in his petition that show malice or an intent to cause direct harm to the plaintiff. *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127. The policy behind this rule is not to reduce a lawyer's responsibility for his actions, but to prevent a chilling effect on the adversarial process of representing one's client and to prevent a division of the loyalty an attorney owes the client. *Id; see also Jacobs v. O'Bannon*, 472 So.2d 180 (La.App. 4 Cir. 1985), and 531 So.2d 562 (La.App. 4 Cir. 1988).

The court in *Arledge*, stated:

> Words which expressly or implicitly accuse another of criminal conduct or which, by their nature, tend to injure one's personal or professional reputation are considered defamatory per se. If the plaintiff proves publication of defamatory per se words, the elements of falsity and malice are presumed although they may be rebutted by the defendant. Injury is also presumed.

*Arledge*, 715 So.2d at 138.

In the present case, to rebut the presumption of falsity, Burgess and Alley presented sworn affidavits from members of the Attorney General's staff confirming that Vincent was in fact charged with stalking and that the charges were being vigorously pursued by their office. Moreover, Vincent admitted in open court that he was in fact charged with stalking, had been arraigned, and was being prosecuted on that charge. Vincent argues that the statements and pleadings of the attorneys are false because he was never actually arrested on the charge. The trial court found this to be a meritless distinction, as do we. Since falsity is one of the requisites for a defamation suit and, having found that Burgess and Alley rebutted the presumption of falsity, the trial court granted summary judgment. We find no error in the trial court's judgment.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Carrol J. Vincent.

4

**AFFIRMED.**