Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,411-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

GARRISON WILSON                           Plaintiff-Appellant

versus

WADE H. CONDREY AND                       Defendants-Appellees
THE TRAVELERS INDEMNITY
COMPANY

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of East Carroll, Louisiana
Trial Court No. 23,448-B

Honorable Laurie R. Brister, Judge

* * * * *

HALES & STRICKLAND                        Counsel for Appellant
By:  Myrt T. Hales, Jr.
     Joshua L. Strickland

MARICLE & ASSOCIATES                      Counsel for Appellees
By:  Rebecca Goforth Bush

* * * * *

Before PITMAN, THOMPSON, and HUNTER, JJ.

**PITMAN, C.J.**

Plaintiff Garrison Wilson appeals the judgment of the trial court granting partial summary judgment in favor of Defendant Wade Condrey and dismissing Plaintiff's claim for exemplary damages, which may be granted if intoxication was a cause-in-fact of the accident at issue in the case. He also appeals the sustaining of an exception of no cause of action and the denial of a motion to produce documents. For the following reasons, we reverse in part and affirm in part.

## FACTS

On August 9, 2021, around 8:00 p.m., Plaintiff was operating a zero-turn lawnmower in a ditch along North Hood Street in Lake Providence, Louisiana. Condrey was driving a Ford F-350 truck on the same road when he struck the rear end of the lawnmower, throwing Plaintiff from it and causing him serious injury, including traumatic brain injury.

Plaintiff filed suit against Condrey and his insurer, The Travelers Indemnity Company (collectively, "Defendants"), and discovery ensued. Plaintiff eventually discovered two witnesses, Terrence Webb and Erika Gilmore, who signed affidavits dated May 31, 2022, stating that they came upon the scene of the accident as the sun was setting, but still produced enough light for them to see without the need for any artificial lighting. They saw Plaintiff lying in pain in the ditch beside the roadway. They also saw Condrey go to a nearby house and heard the homeowner ask him if he had been drinking, and he allegedly responded a "little bit." They also noticed that his eyes were red and glossy, he had the odor of alcohol about him and he was acting intoxicated.

Plaintiff filed two amended petitions, the second of which alleged that Condrey "was believed to have consumed alcoholic beverages shortly prior to getting behind the wheel and operating his vehicle and being involved in the accident." It also alleged Condrey had been reckless and acted in a wanton manner which caused and/or contributed to the negligent actions alleged in the petition. Therefore, Plaintiff added allegations of intoxication and entitlement to punitive damages under La. C.C. art. 2315.4. Plaintiff sought production of Condrey's financial information, which he deemed relevant to his claim for punitive damages, but Condrey did not answer. Eventually Plaintiff filed a motion to compel production of Condrey's financial information.

Defendants filed a motion for partial summary judgment on the issues of intoxication and the right to exemplary damages. To support the motion, they filed Condrey's affidavit and the affidavits of Ofc. Robert Stakes and Zachery Payne.

In Condrey's affidavit he denied having had a drink in the six months prior to the accident. He stated that he was not intoxicated, that he never told anyone he had had a few drinks, that he had been working on his farm all day and that at the time of the accident, artificial lighting was necessary to see the roadway and operate his vehicle. He confirmed that the lawnmower did not have head or tail lights. Further, he never saw or spoke to Terrence Webb or Erica Gilmore.

The affidavit of Ofc. Robert Stakes of the Lake Providence Police Department, who investigated the accident, stated that he had no reason to believe Condrey was intoxicated and that he did not administer a field sobriety test, did not smell alcohol on him and that his eyes were not glossy

2

or bloodshot. He also stated that the accident occurred after 8:00 p.m. and that artificial lighting was needed to see the roadway and to operate a vehicle; that the lawnmower had neither head nor tail lights; and that he noticed tire marks from the lawnmower on the roadway.

Zachary Payne's affidavit stated that he came upon the scene of the accident; that the lawnmower did not have head or tail lights; and that when he spoke to Condrey at the scene, he did not appear to be intoxicated.

Based on these affidavits, Defendants argued that no genuine issue of material fact remained concerning Condrey's alleged intoxication and that Plaintiff's claim for exemplary damages should be dismissed.

Defendants also filed a document entitled, "Exceptions of No Cause of Action and in the Alternative Opposition to Motion to Produce Financial Records." Condrey objected to the motion to compel production of his private finances and argued it was not calculated to lead to the discovery of admissible evidence. Defendants referenced the affidavits they attached to the motion for partial summary judgment and claimed that "the record now before this Honorable Court reflects that Wade Condrey was not intoxicated at the time of the accident of August 9, 2021." For these reasons, Defendants claimed that Plaintiff is not entitled to exemplary damages, that his second amended petition fails to state a cause of action, and that his motion to compel production of financial records must fail. Defendants also asserted that Plaintiff should be limited to a claim for compensatory damages only.

In September 2022, the trial court considered the motion for partial summary judgment as to punitive damages, the exception of no cause of action or alternative opposition to the motion to produce financial records

3

and the motion to compel discovery of the financial records. It rendered judgment on December 22, 2022, along with written reasons granting Defendants' motion for partial summary judgment and stating that it had considered all affidavits, supporting documents and memoranda to decide whether a genuine issue of material fact existed and that the mover was entitled to judgment as a matter of law. It asked the question whether Condrey was responsible for the vehicular collision because he failed to operate his vehicle in a safe and prudent manner and whether he further breached his duty by being intoxicated. It noted that a fact material to Plaintiff's claim was whether Condrey was intoxicated. It stated that it had considered the affidavits of all parties and found there was an absence of factual support for the essential elements of Plaintiff's claim. Because the authorizing statute for exemplary damages requires strict construction, it found that the countervailing affidavits, which were circumstantial evidence, had to exclude every other reasonable hypothesis of causation.

The trial court concluded that Defendants' affidavits proved that there was a lack of factual support for the essential elements of Plaintiff's claim for exemplary damages. Therefore, the burden shifted to Plaintiff to prove intoxication, and he failed to do so. For those reasons, the partial summary judgment was granted.

The trial court separately considered and sustained the exception of no cause of action and/or opposition to motion to produce financial records because the motion for partial summary judgment had been granted and the cause of action for exemplary damages was dismissed.

The trial court denied Plaintiff's motion to compel production of financial records because the motion for partial summary judgment as to

4

exemplary damages had been granted. It stated that the financial records were no longer relevant.

Plaintiff appeals the judgment of the trial court granting the partial summary judgment and the exception of no cause of action and the denial of the motion to compel production of financial records. The judgment has been designated by the trial court as a final judgment under La. C.C.P. art. 1915(B). A jury trial has been requested in this case.

## DISCUSSION

*Motion for Partial Summary Judgment*

Plaintiff argues the trial court erred in granting the motion for partial summary judgment on the issue of Condrey's intoxication and Plaintiff's entitlement to exemplary damages because genuine issues of material fact remain. He contends that a trial court cannot make credibility determinations on a motion for summary judgment and that summary judgment is seldom appropriate when the particular circumstances of the case call for credibility evaluations and the weighing of testimony. He asserts that Condrey's intoxication is an element that must be proven at trial in order for him to recover exemplary damages. Because this is to be a jury trial, this is a question for the jury to decide as the trier of fact. Further, because pretrial, countervailing affidavits were filed by both sides, it was error for the trial court to weigh the credibility of the witnesses and dismiss his claim. For these reasons, Plaintiff claims there is a genuine issue of material fact which precludes partial summary judgment.

Defendants argue the trial court properly granted partial summary judgment when it found no genuine issues of material fact. They contend that the trial court did not make any credibility determinations based on the

5

affidavits, but simply stated that the information provided in the affidavits was insufficient to provide a basis for Plaintiff to maintain his claim and opined as a matter of law that he was not able to establish an essential element of his claim. They assert that the trial court found Plaintiff's affidavits to be "circumstantial" at best and that he had provided "no direct evidence of intoxication." For these reasons, Defendants argue the partial summary judgment was warranted and that no genuine issues of material fact remain.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Saldana v. Larue Trucking, LLC*, 52,589 (La. App. 2 Cir. 4/10/19), 268 So. 3d 430, *writ denied*, 19-00994 (La. 10/1/19), 280 So. 3d 159. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

Summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Saldana v. Larue Trucking, LLC*, *supra*.

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the

6

mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967(A). When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.*

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter but, instead, to determine whether there is a genuine issue of triable fact. *Saldana v. Larue Trucking, LLC*, *supra*. All doubts should be resolved in the nonmoving party's favor. *Id.* A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Id.* A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and

7

summary judgment is appropriate. *Id.* A "genuine issue" is a triable issue, an issue on which reasonable persons could disagree. *Id.*

In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. *Saldana v. Larue Trucking, LLC*, *supra*. The district court cannot make credibility calls on a motion for summary judgment but must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion. *Id.*

In the case at bar, Defendants filed a motion for partial summary judgment and supported their assertion that Plaintiff was not entitled to exemplary damages with affidavits from Condrey, the investigating officer, and a witness who was known to Condrey. All three affidavits asserted that Condrey was not intoxicated at the time of the accident. The burden then shifted to Plaintiff, who provided two affidavits of people at the scene of the accident who swore that Condrey did appear to be intoxicated and that they heard him admit to having had something to drink. Based on these opposing affidavits, the trial court made credibility calls and found it undisputed that Condrey was not intoxicated at the time of the accident, which was erroneous in that all affiants were to be deemed credible. The opposing affidavits created a genuine issue of material fact, and partial summary judgment on this issue was not warranted. This issue should be presented to the jury to decide. This assignment of error has merit.

*No Cause of Action*

Plaintiff argues that the trial court erred in granting Defendants' exception of no cause of action[1] and dismissing his claim for exemplary damages because it based its decision, not on the face of the petition, but on affidavits submitted in conjunction with the motion for partial summary judgment.   In fact, it sustained the exception of no cause of action because it had already granted the motion for partial summary judgment.  Plaintiff argues that there is no basis in the law to sustain an exception of no cause of action under these circumstances when his petition states a cause of action for exemplary damages.

Defendants argue that the trial court correctly sustained the exception of no cause of action.  They contend that "given the identical issues presented in both the motion for partial summary judgment and the exception of no cause of action" it "applied the same reasoning for evaluating claims brought" pursuant to La. C.C. art. 2315.4.  They assert that the trial court had to consider the affidavits submitted in support of the partial summary judgment and that it was not error to do so because they were applicable to the cause of action in the second supplemental and amended petition. Thus, Defendants claim it was proper for the trial court to sustain the exception of no cause of action.

The cause of action alleged by Plaintiff is recognized in La. C.C. art. 2315.4, which provides that in addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which

---

[1]   Although the exception of no cause of action and the opposition to the motion to compel were combined in the same filing, each will be addressed separately because the trial court did so.

the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause-in-fact of the resulting injuries.

No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. In deciding whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous supporting or controverting evidence. *Arledge v. Hendricks*, 30,588 (La. App. 2 Cir. 6/26/98), 715 So. 2d 135, *writ denied*, 98-2015 (La. 11/20/98), 728 So. 2d 1287. The court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Id*.

Based on the foregoing rules regarding an exception of no cause of action, the trial court should not have considered the opposing affidavits presented to it with the motion for partial summary judgment when it decided to sustain Defendants' exception of no cause of action. Only the allegations of the petition are dispositive of whether the petition states a cause of action upon which some relief may be granted.

The supplemental and amended petition sets forth a cause of action for exemplary damages, and Plaintiff is entitled to prove these allegations at trial. For these reasons, this assignment of error has merit.

*Motion to Compel*

Plaintiff argues the trial court erred in denying his motion to compel production of Condrey's financial records in that such records are necessary and relevant to his claim for exemplary damages.

Defendants argue that the law does not allow discovery requests that are harassing, unnecessary and that seek irrelevant information. They contend that even if the motion for partial summary judgment is reversed, they should not have to produce Condrey's personal financial records.

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. La. C.C.P. art. 1422. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. La. C.C.P. art 1426.

At this procedural stage of the litigation, when Plaintiff has not yet proven entitlement to exemplary damages, the motion to compel production of financial records is premature. Should the Plaintiff prove his case at trial and verdict is rendered on this issue in his favor, he may conduct post-verdict discovery to collect an excess judgment as a judgment-creditor. This assignment of error lacks merit.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action and granting partial summary judgment in favor of Defendants Wade Condrey and The Travelers Indemnity Company is reversed.  The judgment denying Plaintiff's motion to compel production of financial records is affirmed.  Costs of this appeal are assessed to Defendants.

**REVERSED IN PART AND AFFIRMED IN PART.**