PER CURIAM.*
| ]At issue in this case is whether the district court erred denying defendants’ motion for summary judgment on plaintiffs defamation and bad faith breach of contract claims. For the reasons that follow, we find defendants are entitled to judgment as a matter of law, and therefore reverse the judgment of the district court.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Glenn Cyprien worked as an assistant basketball coach at various universities since 1991. In April 2004, Mr. Cyprien applied for the position of head coach of the men’s basketball team with the University of Louisiana at Lafayette (“ULL”).
On April 25, 2004, Mr. Cyprien interviewed with Nelson J. Schexnayder, Jr., ULL’s Athletic Director, and Anthony Daniel, a member of ULL’s Basketball Head Coach Committee. After the interview, Mr. Cyprien asked one of his student workers at Oklahoma State University (“OSU”)[1] to get a copy of his resumé from his office 12drawer and fax it to ULL. On April 28, 2004 and again on May 1, 2004, Mr. Schexnayder and Mr. Daniel received copies of Mr. Cyprien’s resumé by fax. These resumé copies indicated Mr. Cy-prien obtained a Bachelor of Science Degree from the University of Texas at San Antonio (“UTSA”) in May 1990. In fact, Mr. Cyprien attended UTSA between 1987 and 1990, but never graduated from UTSA.[2]
Thereafter, ULL offered the position to Mr. Cyprien with an effective hire date of May 19, 2004. As part of the administrative hiring process required by university policy, Mr. Cyprien filled out a Personnel Data Booklet Form. In completing these documents, Mr. Cyprien accurately indicated that he obtained degrees from Lacrosse University, and that he attended UTSA. In contrast with the information provided in the faxed resumés, nothing in the Personnel Data Booklet Form indicated that he received a degree from UTSA.
On July 16, 2004, The Times-Picayime newspaper published an article stating that Mr. Cyprien “did not graduate from the University of Texas at San Antonio as he claimed on his resumé, according to the university registrar’s office.” That same day, ULL fired Mr. Cyprien on the ground that he lied about his academic credentials on his resumé.
Subsequently, Mr. Cyprien filed the instant suit against ULL and its officials (collectively referred to hereinafter as “ULL”), seeking damages for defamation and bad faith breach of contract. Essentially, Mr. Cyprien alleged that although an incorrect resumé was mistakenly faxed to ULL by one of his student workers at OSU, he hand-delivered a correct resumé upon his initial interview with ULL officials on | aApril 25, 2004.[3] Mr. Cyprien also *865 noted that he provided ULL with accurate information at the time he completed the Personnel Data Booklet Form.
Mr. Cyprien alleged ULL officials falsely accused him of committing “resumé fraud.” According to the petition, Mr. Schexnayder told reporters that plaintiff lied on his resumé, overstated his qualifications, and otherwise failed to provide ULL with accurate information concerning his educational background. In addition, Mr. Cyprien alleged that Elwood Broussard, ULL’s Director of Personnel Services, made similar defamatory statements in correspondence to the Oklahoma Employment Security Commission regarding Mr. Cyprien’s claim for unemployment benefits.[4]
ULL filed a motion for summary judgment seeking dismissal of the claims. ULL stated that it was undisputed Mr. Cyprien submitted false academic credentials to the university in the fax transmissions of April 28, 2004 and May 1, 2004. Therefore, ULL contended it had a reasonable basis to believe he committed re-sum fraud, even though he may have also provided an accurate resumé at a different time. According to ULL, the mere fact that Mr. Cyprien did not personally fax the wrong resumé was irrelevant. ULL pointed out that Mr. Cyprien consistently submitted resumés containing the same misrepresentation to various universities over the past fourteen years.
Mr. Cyprien opposed the motion. Essentially, he argued that he provided ULL with accurate information regarding his educational background, as evidenced by the information provided in the Personnel Data Booklet Form. Additionally, he maintained that he hand-delivered a correct resumé upon his initial interview with |4officiaIs of ULL on April 25, 2004.[5] In support of his position, Mr. Cyprien presented an affidavit of Helene A. Thill, a coworker from OSU, who stated that on April 23, 2004 she prepared an interview packet for Mr. Cyprien containing various documents in preparation for his interview with ULL, including an accurate resumé. Accordingly, Mr. Cyprien argued summary judgment was inappropriate at this time because of the factual dispute.
After a hearing, the district court denied ULL’s motion for summary judgment. In oral reasons for judgment, the district court stated:
Well, this case defies description, I guess is a good way to put it. To say that Mr. Cyprien is credibility challenged puts it mildly. But be that as it may, this is a case with him and ULL. What he submitted after the inaccurate information was transmitted is an issue of fact, slim, but in summary judgment if it’s close then you have to rule in favor of the plaintiff.
So I’m going to deny the Motion for Summary Judgment. And the basis of it is what information was transmitted to the university after the inaccurate transmission was faxed. And that’s what this case is going to turn on.
Now, in terms of defamation, truth is an absolute defense. And that’s a real, real, real close call there, real close call, plaintiffs. Because you know it’s apparent to me what Mr. Cyprien said previously and at this juncture, but, and good *866 faith, he’s going to have a real uphill battle there, make no mistakes.
Defendants applied for supervisory review of this ruling. The court of appeal subsequently denied ULL’s application for supervisory writs.
Upon ULL’s application, we granted certiorari to consider the correctness of that decision. Cyprien v. Board of Supervisors, 08-1067 (La.9/26/08), 992 So.2d 972.
JjDISCUSSION
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. P. art. 966(B). Pursuant to this article, the burden of producing evidence at the hearing on the motion for summary judgment is on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Wright v. Louisiana Power & Light, 06-1181 (La.3/9/07), 961 So.2d 1058; Babin v. Winn-Dixie Louisiana, 00-0078 (La.6/30/00), 764 So.2d 37.
In the instant case, defendants assert they have established a lack of factual support for Mr. Cyprien’s defamation and bad faith breach of contract claims, because they have pointed out that Mr. Cy-prien submitted a false resumé to ULL. Therefore, we now turn to an examination of the defamation and bad faith claims to determine if defendants have satisfied their burden of establishing they are entitled to summary judgment.
| fDefamation
In Costello v. Hardy, 03-1146, p. 12 (La.1/21/04), 864 So.2d 129, 139, we discussed the elements of the tort of defamation:
Defamation is a tort which involves the invasion of a person’s interest in his or her reputation and good name. Fitzgerald v. Tucker, 98-2313, p. 10 (La.6/29/99), 737 So.2d 706, 715; Trentecosta v. Beck, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559; Sassone v. Elder, 626 So.2d 345, 350 (La.1993). “Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.” Trentecosta, 96-2388 at 10, 703 So.2d at 559 (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)). The fault requirement is often set forth in the jurisprudence as malice, actual or implied. See, Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980) (which also considers falsity as a fifth and separate element); 12 WILLIAM E. CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 17.4 at 312 (2000). Thus, in order to prevail on a defamation claim, a plaintiff must prove “that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.” Trentecosta, 96-2388 at 10, *867 703 So.2d at 559 (quoting Sassone, 626 So.2d at 350).
* * *
Finally, even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. Doe v. Grant, 01-0175, p. 9 (La.App. 4 Cir. 1/29/03), 839 So.2d 408, 416, writ denied, 03-0604 (La.5/2/03), 842 So.2d 1102; Arledge v. Hendricks, 30,588, p. 4 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, 139.
In the instant case, the crux of Mr. Cyprien’s claims is that ULL defamed him by stating that he lied or misrepresented his qualifications in his resumé. However, ULL has established as an undisputed fact that Mr. Cyprien sent it a resumé which falsely represented that he received a Bachelor of Science degree from UTSA. Thus, |7ULL has demonstrated that Mr. Cyprien will be unable to establish an essential element of his defamation claim— namely, that ULL made a false statement.
In denying summary judgment, the district court found there could be questions of fact concerning whether Mr. Cyprien also submitted accurate documents to ULL. We recognize that there is a factual dispute between Mr. Cyprien and ULL over whether Mr. Cyprien hand-delivered a correct copy of his resumé at the time of his interview. Nonetheless, we do not believe this dispute is of sufficient magnitude to preclude summary judgment. Even accepting for the sake of the motion for summary judgment that Mr. Cyprien did deliver a correct copy of the resumé to ULL, the fact remains that Mr. Cyprien also submitted a false resumé to ULL. Therefore, ULL’s statements regarding the submission of the false resumé remain true, even if Mr. Cyprien previously submitted a correct resumé.
Finally, Mr. Cyprien asserts there are questions of fact concerning whether the resumé was sent by the student worker by mistake. We find this issue is of no moment. Mr. Cyprien has advanced no legitimate reason as to why he maintained a false resumé in his files. Seen in this light, even if the student worker faxed the wrong resumé, Mr. Cyprien would bear the ultimate responsibility for the error by maintaining the false resumé.
Accordingly, we find ULL has demonstrated it is entitled to summary judgment on the defamation claim. The district court erred in ruling otherwise.

Bad Faith Breach of Contract

Next, ULL argues it is entitled to summary judgment on Mr. Cyprien’s bad faith breach of contract claim. In support, it maintains it had good cause for ^terminating Mr. Cyprien’s contract based on his misrepresentation of his academic qualifications.
Mr. Cyprien counters that he did not violate any specific provisions of the contract at any time during performance of his duties; rather, all of the acts which allegedly form the basis for termination of his employment contract (i.e., the resumé misrepresentations) occurred prior to entering into a contract. According to Mr. Cyprien, ULL simply used the resumé issue as a pretext to terminate his contract.
As a threshold issue, we note that ULL disputes whether it entered into a formal employment contract with Mr. Cyprien. Nonetheless, for purposes of its motion for summary judgment, ULL is willing to assume a contract exists.
Assuming a contract exists, the next question presented is whether ULL *868 had a valid basis to rescind that contract due to a failure of cause resulting from Mr. Cyprien’s misrepresentation of his academic credentials. “Cause is the reason why a party obligates himself.” La. Civ. Code art.1967. Error can vitiate consent, so that a contract may be rescinded based upon error. La. Civ.Code art.1948. Article 1950 of the Civil Code describes an error which may concern cause as anything which the parties “should in good faith have regarded, as a cause of the obligation.” Further, “[ejrror vitiates consent only when it concerns a cause without which the obligation would not have been incurred, and that cause was known or should have been known to the other party.” La. Civ.Code art.1949.
In support of its motion for summary judgment, Mr. Schexnayder indicated that Mr. Cyprien was terminated because he did not have a bachelor degree from an institution accredited by the Southern Association of Colleges and Schools (“SACS”). He stated, in pertinent part:
The only other degrees listed on Glynn Cyprien’s resumé were from LaCrosse University. UL relies on the | ([Commission on Colleges, Southern Association of Colleges and Schools to determine whether schools in the southeast region are accredited. LaCrosse is not recognized by the Commission on Colleges, Southern Association of Colleges and Schools as an accredited University.
After determining that Glynn Cyprien did not have a degree from the University of Texas at San Antonio, UL decided to terminate Glynn Cyprien.
* * *
A degree from an accredited university is a requirement for the coaching position for which Glynn Cyprien applied. Had I known Glynn Cyprien did not have a degree from the University of Texas at San Antonio, he would not have been offered the head coaching position at UL.
Similarly, Mr. Broussard’s affidavit states that the reason ULL terminated Mr. Cyprien’s employment was because “he had not received a degree from an accredited four year institution, [and therefore] Cyprien failed to qualify for the position he was initially hired to fill.”
These affidavits establish that ULL would not have incurred the obligation if it had known that Mr. Cyprien did not have a degree from an accredited university. Mr. Cyprien clearly knew or should have known that his academic qualifications were an important factor in ULL’s decision to hire him. Under these circumstances, we find ULL has established that it had a valid ground to rescind Mr. Cy-prien’s contract based on error in the cause. Thus, Mr. Cyprien will be unable to establish a bad faith breach of contract claim. The district court erred in denying ULL’s motion for summary judgment on this claim.
DECREE
For the reasons assigned, the judgment of the district court is reversed. Summary judgment is granted in favor of the Board of Supervisors for the University 11()of Louisiana System, Nelson J. Schexnayder, Jr., and Elwood Broussard, dismissing the claims of Glynn R. Cyprien with prejudice. All costs in this matter are assessed against plaintiff.
JOHNSON, J., concurs.

 Calogero, C.J., retired, participated in this decision which was argued prior to his retirement.

. At the time, Mr. Cyprien was working as an assistant basketball coach at OSU.

. According to his deposition testimony, Mr. Cyprien was one class short of graduating, as he failed the foreign language class requirement. Mr. Cyprien later obtained online degrees (bachelor of science and a master’s degree) from Lacrosse University.

.This fact is disputed by ULL. In their deposition, both Messrs. Schexnayder and Daniel stated they did not recall receiving a copy of Mr. Cyprien's resumé at the time of the interview.

. Specifically, plaintiff cites a letter sent by Mr. Broussard on September 3, 2004 to the Unemployment Insurance Service, wherein Mr. Broussard stated that Mr. Cyprien "intentionally and fraudulently misrepresented pertinent information regarding his educational background and achievement in his application for employment.”

, ULL disputes this fact.