STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-486

JON ANDREW DELAHOUSSAYE

VERSUS

THE ROMAN CATHOLIC DIOCESE OF LAFAYETTE,
LOUISIANA; THE MOST REVEREND CHARLES E. LANGLOIS;
CATHOLIC HIGH SCHOOL OF NEW IBERIA; AND TIMOTHY UHL

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO.115037-H
HONORABLE LORI LANDRY, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.


Allan L. Durand
235 Rue France
Lafayette, Louisiana 70508
(337) 237-8501
Counsel for Plaintiff/Appellant:
        Jon Andrew Delahoussaye


Troy Allen Broussard
Allen & Gooch, A Law Corporation
Post Office Box 81129
Lafayette, Louisiana  70598-1129
(337) 291-1372
Counsel for Defendants/Appellees:
        The Roman Catholic Diocese of Lafayette,
        Louisiana, Reverend Charles E. Langlois,
        Catholic High School of New Iberia, and
        Timothy Uhl

**GENOVESE, Judge.**

Plaintiff, Jon Andrew Delahoussaye, appeals the grant of summary judgment in favor of Defendants, the Roman Catholic Diocese of Lafayette, Louisiana (the Diocese), Reverend Charles E. Langlois (Rev. Langlois), Catholic High School of New Iberia (Catholic High), and Timothy Uhl (Dr. Uhl), which dismissed his defamation suit. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Mr. Delahoussaye was a member of the school board for Catholic High. By letter dated May 12, 2009, Mr. Delahoussaye was dismissed from the school board by its chancellor, Rev. Langlois. On May 14, 2009, the principal of Catholic High, Dr. Uhl, read the letter from Rev. Langlois to Mr. Delahoussaye aloud during a school board meeting. The letter read:

> Dear Mr. Delahoussaye,
>
> It seemed apparent at the last meeting of the School Board of Catholic High School that you are determined to disrupt School Board business.
>
> Your accusation that the principal, Dr. Uhl, has "taken away" $30,000.00 donated to the visitors bleachers is without foundation. Dr. Uhl denies your accusation.
>
> Your effectiveness as a School Board member is greatly impaired. I don't see how you will be able to work with the principal, the school board, and myself.
>
> Therefore, I am removing you from the School Board of Catholic High effective immediately. Please do not attend the May meeting of May 14, 2009, or any other meeting.
>
> Sincerely,
> Rev. Charles E. Langlois
> Chancellor, Catholic High School

Mr. Delahoussaye filed suit for defamation and sought damages for intentional infliction of emotional distress. Defendants filed a motion for summary judgment, alleging that Mr. Delahoussaye lacked sufficient factual support for his

claims. In support of his position, Mr. Delahoussaye, who works in the insurance industry, introduced an affidavit of his father, Errol J. Delahoussaye, who likewise works in the insurance industry, which corroborated his allegations that Defendants' actions had damaged his reputation and had caused him emotional distress. Accordingly, Mr. Delahoussaye argued summary judgment was inappropriate because genuine issues of material fact existed.

After a hearing, the trial court stated that it deemed the affidavit presented by Mr. Delahoussaye to be "self-serving," granted Defendants' motion for summary judgment, and dismissed Mr. Delahoussaye's claims with prejudice. Mr. Delahoussaye has appealed.

## LAW AND ANALYSIS

### *Assignments of Error*

On appeal, Mr. Delahoussaye asserts that the trial court erred: (1) in making a credibility determination with regard to the affidavit he introduced; and (2) in granting Defendants' motion for summary judgment dismissing his claim for defamation, in spite of the fact that he introduced an affidavit from a qualified third party which created genuine issues of fact with regard to all relevant elements of defamation.

### *Standard of Review*

"Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant." *Yokum v. 615 Bourbon Street, L.L.C.*, p. 25 (La. 2/26/08), 977 So.2d 859, 876 (citing *Suire v. Lafayette City-Parish Consol. Gov't.*, 04-1459 (La. 4/12/05), 907 So.2d 37). Louisiana Code of Civil Procedure Article 966(A)(2) states "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive

2

determination of every action," and this "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C). Defendants, as the movants herein, bear the initial burden of proof and must show that no genuine issue of material fact exists. *See* La.Code Civ.P. art. 966(C)(2). If Defendants successfully meet their burden, then the burden shifts to Mr. Delahoussaye to present factual support adequate to establish that he will be able to satisfy his evidentiary burden at trial. *Id*. If Mr. Delahoussaye fails to produce the factual support necessary to establish that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. *Id*.

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

*Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66.

***Discussion***

Mr. Delahoussaye, admittedly, has abandoned his intentional infliction of emotional distress cause of action. The sole cause of action presently before this court for consideration is Mr. Delahoussaye's defamation claim.

In this case, Defendants, who are the movants in this motion for summary judgment, do not bear the burden of proof at trial on the issue of whether defamation occurred. Our supreme court, in *Cyprien v. Board of Supervisors ex rel. University of Louisiana System*, 08-1067, p. 6 (La. 1/21/09), 5 So.3d 862,

3

866-67 (quoting *Costello v. Hardy*, 03-1146, p. 12 (La. 1/21/04), 864 So.2d 129, 139), stated the following:

> Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Fitzgerald v. Tucker*, 98-2313, p. 10 (La.6/29/99), 737 So.2d 706, 715; *Trentecosta v. Beck*, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559; *Sassone v. Elder*, 626 So.2d 345, 350 (La.1993). "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta*, 96-2388 at 10, 703 So.2d at 559 (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)). The fault requirement is often set forth in the jurisprudence as malice, actual or implied. See, *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (La.1980) (which also considers falsity as a fifth and separate element); 12 WILLIAM E. CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 17.4 at 312 (2000). Thus, in order to prevail on a defamation claim, a plaintiff must prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." *Trentecosta*, 96-2388 at 10, 703 So.2d at 559 (quoting *Sassone*, 626 So.2d at 350).
>
> [. . . .]
>
> Finally, even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. *Doe v. Grant*, 01-0175, p. 9 (La.App. 4 Cir. 1/29/03), 839 So.2d 408, 416, [*writ denied*, 03-604] (La.5/2/03), 842 So.2d 1102; *Arledge v. Hendricks*, 30,588, p. 4 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, 139.

Mr. Delahoussaye claims that Defendants defamed him when the May 12, 2009 letter announcing his removal from the school board was read aloud at the school board meeting on May 14, 2009. In opposition to Defendants' motion for summary judgment, Mr. Delahoussaye, an independent insurance agent, introduced an affidavit of his father, Errol J. Delahoussaye, who also works in the insurance industry. The affidavit substantiated Mr. Delahoussaye's assertions that his reputation was damaged by Defendants' actions, but does not address any of the other elements of defamation, particularly the malice or other fault element.

Defendants claim that the trial court was correct in granting their motion for summary judgment because Mr. Delahoussaye failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial on a defamation cause of action. We agree.

Though the affidavit of Errol J. Delahoussaye corroborates the allegation that Mr. Delahoussaye's reputation was damaged when the May 12, 2009 letter announcing his removal from the school board was read aloud at the school board meeting on May 14, 2009, the affidavit pertains only to the element of damages and does not present factual support for the element of malice, actual or implied, or any other fault. In order to show that there is a genuine issue of material fact that would preclude Defendants from successfully obtaining their motion for summary judgment, Mr. Delahoussaye must show evidence that he can carry the applicable burden of proving all four elements of defamation as set forth in *Cyprien*. Here, we find Mr. Delahoussaye did not offer proof of Defendants' malice, actual or implied, or other fault. Thus, it is clear that Mr. Delahoussaye would not be able to carry his burden of proof as to all of the essential elements of the tort of defamation; therefore, there is no question of material fact, and Defendants are entitled to a judgment as a matter of law. Accordingly, we affirm the trial court's grant of Defendants' motion for summary judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Defendants, the Roman Catholic Diocese of Lafayette, Louisiana, Reverend Charles E. Langlois, Catholic High School of New Iberia, and Timothy Uhl, is affirmed. All costs of this appeal are assessed to Plaintiff/Appellant, Jon Andrew Delahoussaye.

**AFFIRMED.**