414 So.2d 355 (1982)
A. D. FREEMAN
v.
John T. COOPER.
No. 81-C-0169.
Supreme Court of Louisiana.
May 17, 1982.
*356 John T. Cooper, of Cooper & Hingle, New Orleans, for plaintiff-applicant.
Charlotte A. Hayes, and A. D. Freeman, of Satterlee, Mestayer & Freeman, New Orleans, for defendant-respondent.
LEMMON, Justice.
In this litigation between two attorneys, plaintiff seeks recovery of damages resulting from allegedly defamatory statements made in a brief filed by defendant in earlier domestic proceedings. After a trial on the merits, the trial court awarded plaintiff damages in the amount of $1,500. The court of appeal affirmed, holding that the statements were defamatory and rejecting the defenses of truth and of qualified privilege. The court noted that the latter defense was not available, because the statements lacked probable cause and were made in a malicious manner, since they were unrelated to any legal point at issue. La.App., 390 So.2d 1355. We granted defendant's application for certiorari. La., 397 So.2d 802.

I.
In the earlier domestic litigation, plaintiff was the attorney for the defendant's wife, and defendant represented himself. Defendant began that litigation by filing suit for separation, in which he alleged fault on the part of his wife. Ancillary to that proceeding, the trial court ordered defendant to pay alimony pendente lite and child support to his wife and awarded defendant weekend visitation privileges with his son.
During the course of this litigation, the wife, without advising defendant, moved to Illinois with her son. When she later filed a motion for an increase in alimony pendente lite and child support, defendant countered with a motion for a decrease in alimony and child support and additionally sought to adjust the visitation rights previously *357 granted by the court. After a hearing on the motions, the trial court denied the wife's demand for an increase in alimony, but awarded defendant visitation rights for a period of eight weeks during the summer.
In about April, 1978, defendant obtained the dismissal of his separation suit and then discontinued regular alimony and child support payments, on the basis that the support order fell with the dismissal of the suit. One week before defendant's son was to return to Louisiana for summer visitation, the wife's attorney (who is the plaintiff in this defamation case) filed a motion requiring defendant to show cause why the unpaid alimony and child support should not be made executory and defendant held in contempt. In connection with the motion, the wife's counsel obtained an ex parte order postponing the child's visit until defendant reinstated alimony and support payments or until the rule was tried. The motion alleged that the wife, without the child support and alimony withheld by defendant, was in necessitous circumstances and lacked the funds to buy the child clothes necessary for the eight-week trip and had no automobile or money even to transport the child to the airport.
Defendant moved the court to vacate the order and to reinstate visitation privileges (which relief the court eventually granted). In the course of the trial of that motion and the motion to make arrearages executory, defendant filed a memorandum, in which he made the following statements, which are the basis of this defamation action:

"Apparently Mr. Freeman and Mrs. Cooper feel that they are above and beyond the law and even after having been slapped down by the Trial Court, the Court of Appeal and the Supreme Court surreptitiously slipped before your Honor a Rule Nisi for contempt, etc. knowing that your Honor had only recently been sworn in and could not know any of the background in regard to this matter. Apparently from my discussion with your Honor at an earlier date, Mr. Freeman did not bother to advise you of the true status of this matter in fear that your Honor would tell him that even though he may not believe in the Judicial system of our State, that your Honor does and refuse to sign the order. It is respectfully submitted that the behavior of Mr. Freeman is contemptuous to the dignity of this Honorable Court.

"It is further respectfully submitted, that even in the rule filed by Freeman, he again lied to the court in regard to the visitation privileges for in his Rule Nisi, he stated that Ann Trenchard Cooper could not even transport Mr. Cooper's son to the airport serving the Charleston, Illinois area when same is only, by actual measurement, 5.7 miles from the doorstep of the house in which she is living in open and notorious adultery. Further, in the deposition given by Mrs. Cooper under oath, she admitted that she had the use of the Lincoln Continental automobile owned by her co-respondent in adultery...."
* * * * * *
"In respect to the attempt of Freeman and Mrs. Cooper to now attempt to breathe life into a case which has been held to be dismissed by the Supreme Court, it is respectfully submitted that all interlocutory decrees fall when the cause of action is dismissed. It is respectfully submitted that no part of the case could survive in the face of the final dismissal of same by the Supreme Court of the State of Louisiana. To assert any different theory reminds counsel of the old addage [sic] about "just being a little bit pregnant".
"Counsel has not been able to find any case in Louisiana in regard to this matter and submits that the reason therefor is that it is such "hornbook" law that no one has heretofore asserted that theory. Of course, Freeman and Mrs. Cooper being outside of the law do not concern themselves about that."

* * * * * *
"In stating the above, there is not denial of any rights of Mrs. Cooper or of the minor John T. Cooper, III. Mrs. Cooper *358 has a right to file her own lawsuit for alimony pendente lite and child support or, to file a rule for alimony pendente lite and child support in the case which is active and in which Mrs. Cooper is being sued for open and notorious adultery, that case bearing Docket No. 209-883 of this Honorable Court. Apparently Freeman and Mrs. Cooper have some fetish about hanging on to a dead lawsuit rather than go forward on their own and exercise whatever rights they have under the law. It is respectfully submitted that that is what they should have done in the first place rather than surreptitiously attempt to take advantage of your Honor's recent ascension to the bench."

Plaintiff then instituted the present defamation action, asserting that the emphasized language is defamatory and "impugn(es) and malign(s) (his) personal honesty and disreputes his professional reputation."

II.
A communication is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community. Restatement (Second) of Torts § 559 (1977). Defamatory communications violate one's right to a good reputation and give rise to a cause of action to recover damages because of the violation.
The disparaging remarks in this case were prejudicial to plaintiff's reputation in his profession. Defendant accused plaintiff of lying to the court when he filed a motion on behalf of defendant's wife in the domestic litigation. If this were the only statement at issue, we would be inclined to view the statement as a perhaps overly strong denial of the information furnished plaintiff by his client.[1] However, defendant went further and in two places in the brief accused plaintiff and his client together of acting "above and beyond the law" and of being "outside of the law", thus clearly importing that plaintiff and his client acted in concert to place allegations before the court which were known to be untrue.
Defendant also accused plaintiff of surreptitious action intended to take advantage of a recently inducted judge. An accusation that an attorney does something clandestinely so as to take advantage of a judge's inexperience or his unfamiliarity with the case reflects on the attorney's professional reputation.
Finally, defendant's suggestion that plaintiff does not believe in the judicial system may not, standing alone, be defamatory, but such a suggestion about a lawyer, made in context with direct accusations of lying to the court and acting outside the law, can hardly be regarded otherwise.
As to the defense of truth, defendant did not show that plaintiff knowingly lied, that plaintiff considered himself above the law or acted outside the law, or that plaintiff acted surreptitiously in obtaining the ex parte order. Plaintiff accepted the apparently credible statements of his client and asserted the statements as factual allegations in the motion.[2] Further, the motion was filed with the clerk of court and was not acted upon by the judge until three days later, which is hardly suggestive of surreptitious action on plaintiff's part. Plaintiff also testified that the judge called him before signing the order postponing visitation until the contempt rule was heard. While one might question the legal validity of withholding visitation privileges in order to compel reinstatement of needed alimony and child support, there was nothing clandestine in plaintiff's actions.
*359 The defense of qualified privilege presents a more difficult problem. In other jurisdictions, a defamatory statement by an attorney in a judicial proceeding is absolutely privileged, if the statement has some relation to the proceeding. Restatement, above, § 586; 50 Am.Jur.2d Libel and Slander § 231 (1970). In Louisiana, however, the privilege is a qualified one, and in order for the privilege to apply, the statement must be material and must be made with probable cause and without malice. Waldo v. Morrison, 220 La. 1006, 58 So.2d 210 (La.1952), 32 A.L.R.2d (1953).
One purpose of the privilege extended to attorneys for statements made in judicial proceedings is to discourage actions against persons who are merely performing their duties. Attorneys must be free to represent their clients without constant fear of actions based on statement made in the zealous prosecution or defense of an action. Nevertheless, the privilege granted to an attorney is not a license to impugn the professional integrity of opposing counsel or the reputation of a litigant or witness. The courts of Louisiana have chosen to limit the privilege, observing:
"The learned counsel for appellee invoked the doctrine prevailing in England and in the jurisdiction of some of the courts of this country that every allegation that is pertinent to an issue presented for decision in a judicial proceeding is protected by an absolute privilege, and that such an allegation cannot be a cause of action for libel or slander even though it was a false and injurious accusation, and even though the party making it knew it was false, or had not just or probable cause to believe it to be true. It is sufficient to say that that doctrine has no place in the system of law prevailing in Louisiana. See Lescale v. Schwartz, 116 La. 293 [40 So. 708], reviewing and reconciling the jurisprudence on the subject. No one has a right to deem appropriate or pertinent to an issue presented for decision in a judicial proceeding a libelous allegation that he knows is false or that he has not just or probable cause to believe is true." Sabine Tram Co. v. Jurgens, et al. [143 La. 1092], 79 So. [872] at 872, 873 (La.1918). (Emphasis supplied.)
Questions as to the privilege usually arise in the context of allegations contained in pleadings. An attorney must be free to allege facts constituting unacceptable behavior if there is any reasonable basis for such an allegation and if the behavior is relevant to the proceeding. However, an attorney in Louisiana cannot make disparaging statements, either in pleadings, briefs or argument, if the defamatory statements are not pertinent to the case or are made maliciously or without reasonable basis.
Here, the assertion of lying was in response to some portion of the allegations in a rule filed by plaintiff which defendant perhaps reasonably believed to be false. However, defendant's assertions of plaintiff's surreptitious actions and plaintiff's perception of being above the law, while describing defendant's characterization of plaintiff's behavior which occurred in the course of the proceedings, really had nothing to do with the merits of any issue in the litigation. Moreover, defendant had no probable cause to believe that his statements about plaintiff's surreptitious actions or his considering himself to be above the law were true. Probable cause does not exist when defamatory statements could not constitute a defense, if true. Grant v. Haynes, 105 La. 304, 29 So. 708 (La.1901).
It was totally unnecessary for defendant to make these disparaging remarks about opposing counsel in support of his arguments (in the sense that it is frequently necessary in domestic litigation, for example, for an attorney to make disparaging allegations about the adverse party in order to state a cause of action). Here, the two snide remarks about plaintiff's being above the law added absolutely nothing to defendant's argument on the merits of the case.
We conclude that the qualified privilege accorded to an attorney in judicial proceedings is not applicable to the statements by defendant attorney in this case.
*360 The judgment of the lower courts are affirmed.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
Defamation plaintiffs who do not prove knowledge of falsity or reckless disregard for the truth are restricted by the First Amendment to compensation for actual injury. Gertz v. Welch, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). This may include personal humiliation and mental anguish, but such awards must be based on competent evidence. Id.
From my review of the record I find that the only evidence presented by the plaintiff that he was harmed by the allegedly defamatory remarks was his own testimony that when he went to the Jefferson Parish Clerk of Court office "they would laugh and joke... and say to me, "what is Cooper doing to you today, this time?'" In my view this is not sufficient evidence that the plaintiff was actually harmed. Furthermore, there is no evidence that the court workers' remarks were necessarily related to the defendant's statements.
NOTES
[1] The record established that plaintiff's client did furnish him with the information asserted in the motion. Since no reason has been shown or suggested for plaintiff to disbelieve his client, then there was no justification to directly accuse plaintiff of lying, even if defendant reasonably believed the information furnished plaintiff by the wife was untrue.
[2] The principal allegation was that the wife and child were in necessitous circumstances. The lack of funds to buy clothes or to pay taxi fare was not the significant allegation, although that allegation tied in with the visitation at issue.