Id.
 

 , McDonald, J., concurring.
 

 In other words, the language of La. C.C.P. art. 971(F)(1)(a) and (b), reflects a clear choice by the legislature in these two provisions to define a "public issue" in terms of setting or context rather than content. Thus, under La. C.C.P. art. 971(F)(1)(a), it is the setting-in this case, a judicial proceeding-that makes the issue a public one. There is no additional requirement that the statement relate to an issue of public significance.
 

 This is, incidentally, consistent with, and reflects the legislature recognizing the special protection that has been afforded statements made in the course of judicial proceedings. That protection is embodied in the qualified privilege that exists in Louisiana with respect to such speech.
 
 [2]
 
 It is also reflective of a legislative recognition that any matter pending before the judiciary possesses some measure of "public significance" owing to the public nature of judicial proceedings.
 

 Thus, a plain reading of the language of La. C.C.P. art. 971(F)(1)(a) demonstrates that the article does not limit its application to the content or context of statements
 made in the course of judicial proceedings, but applies to
 
 any
 
 statement.
 

 Rules of Statutory Construction
 

 My conclusion in this regard is buttressed by the rules of statutory construction. Louisiana C.C.P. art. 971(F)(1) lists four protected acts that are included within the definition of an "[a]ct in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." In addition to the acts protected under La. C.C.P. art. 971(F)(1)(a) and (b), protection is extended under La. C.C.P. art. 971(F)(1)(c) and (d) to:
 

 (c) Any written or oral statement or writing made in a place open to the public or a public forum
 
 in connection with an issue of public interest.
 

 (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech
 
 in connection with a public issue or an issue of public interest.
 
 [Emphasis added.]
 

 Clauses (c) and (d) of La. C.C.P. art. 971(F)(1) include an express "issue of public interest" limitation that is not present in either clause (a) or (b).
 
 [3]
 
 Certainly, had the legislature intended the "issue of public interest" limitation to apply to clauses (a) and (b) of the article, the legislature knew how to include such a limitation. However, the legislature did not include such a limitation.
 

 If the legislative intent, as expressed in
 
 1999 La. Acts 734
 
 , § 2, was to impose a separate and additional "public issue" requirement to motions brought under all four clauses of La. C.C.P. art. 971(F)(1), then no purpose would be served by the legislature's specification in clauses (c) and (d) that the protected acts must be "in connection with an issue of public interest."
 

 It is a cardinal rule of statutory interpretation that, because it is presumed every word, sentence, or provision in a law was intended to serve some useful purpose, some effect is to be given to each such provision, and no unnecessary words or provisions were employed by the legislature.
 
 See
 

 Moss v. State
 
 , 05-1963, p. 15 (La. 4/4/06),
 
 925 So.2d 1185
 
 , 1196. Thus, courts are bound, if possible, to give effect to all parts of a law and to construe no sentence, clause or word as meaningless or surplusage if a construction giving force to, and preserving, all words can legitimately be found.
 
 See
 

 Id.
 

 A contrary interpretation in this case is at odds with this rule of statutory construction, as it renders the phrase "in connection with an issue of public interest" in La. C.C.P. art. 971(F)(1)(c) and (d) meaningless and mere surplusage. Believing that the legislature included the phrase in clauses (c) and (d) for some definite purpose, I cannot support an interpretation that would render that phrase meaningless when there is a reasonable interpretation of the language that would give it meaning. Nor do I believe that it is necessary or appropriate to embark on such a course in order to honor the legislative intent.
 

 Legislative Intent
 

 The Act that created La. C.C.P. art. 971 contains an express declaration of legislative intent. The pertinent provision in that statement of intent recites: "[I]t is the intention of the legislature that the Article
 enacted pursuant to this Act shall be construed broadly."
 
 1999 La. Acts 734
 
 , § 2. The interpretation offered in the majority opinion has the opposite effect, narrowing the application of the article by requiring proof of an additional element: that statements made in a judicial proceeding must be made in connection with a "public issue." However, as discussed above, there is no support for this narrow construction in the plain language of the article.
 

 Nevertheless, the declaration is made that the broad construction directed by the legislature would produce an "absurd" result because "any party could defame or invade the privacy of a person involved in a divorce proceeding, traffic violation, child custody dispute, marriage, mortgage registration, passport application, or driver's licence renewal and be immunized from legal repercussions of damage to others through the use of an extraordinary procedural remedy."
 
 Shelton
 
 , op. at ---- (quoting
 
 Yount v. Handshoe
 
 , 14-0919, pp. 8-9 (La.App. 5 Cir. 5/28/15),
 
 171 So.3d 381
 
 , 387,
 
 writ denied
 
 , 15-2302 (La. 2/19/16),
 
 187 So.3d 462
 
 . With all due respect, I cannot agree with this declaration.
 

 Louisiana C.C.P. art. 971"was enacted as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances."
 
 Thinkstream, Inc. v. Rubin
 
 , 06-1595, p. 9 (La.App. 1 Cir. 9/26/07),
 
 971 So.2d 1092
 
 , 1100. Rather than immunize a person from the legal repercussions of statements defaming or invading the privacy of another, its application requires a two-part burden-shifting analysis: "the mover must first establish that the cause of action against him arises from an act ... in exercise of his right of petition or free speech ... in connection with a public issue. If this burden is met, the burden then shifts to the plaintiff to demonstrate a probability of success on the claim."
 

 Id.
 

 That the threshold showing of an act in furtherance of the right to petition or free speech in connection with a public issue, as defined in La. C.C.P. art. 971(F)(1)(a) and (b), encompasses a broad range of situations does not mean the application of clear and unambiguous language produces absurd consequences. Indeed, it is not absurd to conclude (as the legislature obviously did) that judicial proceedings, which are open to the public, present matters of public significance and are deserving of protection from efforts to chill the right to petition or free speech in connection therewith, or that it is appropriate, in light of the qualified privilege that exists with regard to statements made in judicial proceedings, to allow the protection that extends to such statements to be recognized at an early stage of the proceedings.
 

 Parenthetically, it is worth noting that California was the first state to adopt an anti-SLAPP statute and the Louisiana and California statutes are "virtually identical."
 
 Yount
 
 , 14-0919 at 10 and n.4,
 
 171 So.3d at
 
 387 and n.4. ("Examination of the statutes shows that when adopted, the Louisiana and California statutes matched word for word with only the State name changed.") When the same question of statutory construction presented herein was raised in California, its supreme court concluded, in an opinion rendered prior to the enactment of La.C.C.P. art. 971, that "a defendant moving to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding [the equivalent of La. C.C.P. art. 971(F)(1)(b) ] need
 
 not
 
 separately demonstrate that the statement concerned an issue of public significance."
 

 Briggs v
 

 Eden Council for Hope & Opport
 

 unity
 
 ,
 
 19 Cal.4th 1106
 
 ,
 
 81 Cal.Rptr.2d 471
 
 ,
 
 969 P.2d 564
 
 , 575 (1999).
 
 [4]
 
 A similar interpretation of "virtually identical" language in the Louisiana article can hardly be said to produce absurd consequences.
 

 In our civil law system, in which legislation is supreme, we must be careful not to prematurely declare a result absurd when there is a reasonable construction of the language that can avoid such a conclusion. Although La. C.C. art. 9 enables the judiciary to abandon statutory language in instances in which an absurd result would ensue from a literal application of the words, the judiciary should be hesitant to alter the legislative will by doing so.
 

 In this case, the clear and unambiguous language of La. C.C.P. art. 971, the rules of statutory construction, and the declared legislative intent all support the conclusion that a defendant moving to strike a cause of action arising from a statement made in a judicial proceeding need
 
 not
 
 separately demonstrate that the statement concerned a public issue. Therefore, I respectfully dissent from the opinion to the contrary.
 
 [5]
 

 "Statements made in the course of a judicial proceeding are subject to a qualified privilege if the statements are material to the proceeding, and are made with probable cause and without malice."
 
 Costello v. Hardy
 
 , 03-1146, p. 16 n.13 (La. 1/21/04),
 
 864 So.2d 129
 
 , 142 n.13 (citing
 
 Freeman v. Cooper
 
 ,
 
 414 So.2d 355
 
 (La. 1982) ).
 

 La. C.C.P. art. 971(F)(1)(a) and (b) protect, by contrast:
 

 (a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
 

 (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
 

 But see, e.g.
 
 ,
 
 Felis v. Downs Rachlin Martin PLLC
 
 ,
 
 200 Vt. 465
 
 ,
 
 133 A.3d 836
 
 , 851-54 (2015), in which the Vermont Supreme Court declined to follow
 
 Briggs
 
 and reached a different conclusion with respect to the statutory analysis.
 

 While ordinarily a finding that the defendant met his initial burden of demonstrating that the cause of action against him arises from an act in exercise of his right of petition or free speech in connection with a public issue would require an evaluation of the affidavits submitted by the plaintiff to determine whether those affidavits demonstrate a probability of success on the merits, because of the majority's resolution of this case on grounds that defendant did not meet his initial burden under La.C.C.P. art. 971, and my dissent from that conclusion, I find it unnecessary to evaluate the affidavits for purposes of this dissent.