STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 1077

JOHN STEWART GENTRY

VERSUS

PAUL D. SPILLERS

Judgment Rendered: MAY 1 0 2021

* * * * * *

On appeal from the
Fourth Judicial District Court
In and for the Parish of Ouachita
State of Louisiana
Docket Number 2008-4276

Honorable Alvin R. Sharp, Judge Presiding

* * * * * *

Donald L. Kneipp
Monroe, LA

Counsel for Plaintiff/Appellant
John Stewart Gentry

Bernard S. Johnson
Herschel E. Richard, Jr.
Kristina B. Gustavson
Shreveport, LA

Counsel for Defendant/Appellee
Paul D. Spillers

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**GUIDRY, J.**

The plaintiff, John Stewart Gentry, appeals from a judgment that dismissed his claims and granted summary judgment in favor of the defendant, Paul D. Spillers. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises from underlying litigation wherein Attorney Paul D. Spillers represented Melvin McNeal. In that litigation, McNeal filed suit against John Stewart Gentry and his wife, Wendy Gentry. McNeal was ultimately unsuccessful. The Gentrys prevailed, however, on a reconventional demand.[1]

Thereafter, on November 21, 2008, Gentry brought suit against Spillers alleging that Spillers was liable to him for defamation, malicious prosecution, abuse of process, tortious interference with a contract, misrepresentation, fraud, libel and slander (defamation), intentional infliction of emotional distress, and extortion. In his petition, Gentry claimed he incurred damages by defending against "Spillers' malicious and baseless allegations and legal maneuvers."[2] Gentry alleged that the representations made by Spillers in the lawsuits were totally false and not grounded in fact.

On November 18, 2015, Spillers moved for partial summary judgment on Gentry's claims, and subsequently on June 29, 2016, the trial court granted summary judgment in favor of Spillers on the claims of abuse of process, tortious interference with a contract, misrepresentation by fraud, intentional infliction of emotional distress, and extortion. On February 9, 2018, Spillers moved for summary judgment on the remaining claims of defamation and malicious

---

[1] Spillers represented McNeal as trustee of the Luella E. McNeal Revocable Trust; McNeal alleged fraud against Gentry and his wife in a real estate transaction. In a second lawsuit against Gentry, which was voluntarily dismissed, McNeal alleged adverse possession of land involved in the real estate transaction.

[2] Gentry supplemented and amended his petition on August 19, 2009.

prosecution. Spillers asserted that there were no genuine issues of material fact and that Gentry would not be able to prove the essential elements of his claims. After a hearing and taking the matter under advisement, the trial court granted Spillers' motion for summary judgment, finding no genuine issue of material fact relative to defamation or malicious prosecution. The trial court reasoned that no showing of malice, absence of probable cause, or "causation" on the part of Spillers could be made. Gentry now appeals, asserting the trial court erred in granting summary judgment.

## DISCUSSION

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Succession of Hickman v. State through Board of Supervisors of

3

Louisiana State University Agricultural and Mechanical College, 16-1069, p. 5 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1240, 1244. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. Bryant v. Premium Food Concepts, Inc., 16-0770, p. 3 (La. App. 1st Cir. 4/26/17), 220 So. 3d 79, 82, writ denied, 17-0873 (La. 9/29/17), 227 So. 3d 288.

**Defamation**

A statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule. Kennedy v. Sheriff of East Baton Rouge, 05-1418, pp. 4 (La. 7/10/06), 935 So. 2d 669, 674. In order to establish a claim for defamation, the following four elements must be met: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.[3] Kennedy, 05-1418 at p. 4, 935 So. 2d at 674. If even one of the required elements of the tort is lacking, the cause of action fails. Costello v. Hardy, 03-1146, p. 12 (La. 1/21/04), 864 So. 2d 129, 140. Furthermore, even if a prima facie showing of the essential elements of defamation is made, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. Costello, 03-1146 at p. 15, 864 So. 2d at 141.

---

[3] Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. Kennedy, 05-1418 at p. 5, 935 So. 2d at 675. Under the traditional defamation rules, when a plaintiff proves publication of words that are defamatory per se, falsity and malice (or fault) are presumed, but may be rebutted by the defendant. Injury may also be presumed. When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice (or fault) and injury. Kennedy, 05-1418 at p. 5, 935 So. 2d at 675; Cook v. American Gateway Bank, 10-0295, pp. 11-12 (La. App. 1st Cir. 9/10/10), 49 So. 3d 23, 33.

A privilege is a defense to a defamation action, and a defamatory statement by an attorney in a judicial proceeding is subject to a qualified privilege. See Freeman v. Cooper, 414 So. 2d 355, 359 (La. 1982). In order for the privilege to apply, the statement must be material and must be made with probable cause and without malice.[4] Freeman, 414 So. 2d at 359.

In addressing qualified privileges in general, the jurisprudence has adopted the following two-step analytical framework: First, it must be determined whether the attending circumstances of a communication occasion a qualified privilege, which means that a determination must be made of whether the requirements for invoking the privilege are satisfied. The second step of the analysis requires a determination of whether the privilege was abused, which requires that the grounds for abuse—malice or lack of good faith—be defined. While the first step is generally determined by the court as a matter of law, the second step of determining abuse of a conditional privilege or malice is generally a fact question for the jury unless only one conclusion can be drawn from the evidence. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 18 (La. 7/5/94), 639 So. 2d 730, 745. The qualified privilege, when successfully asserted, results in a shifting of the burden of proof back to the plaintiff to rebut the privilege. Barber v. Willis Communications, Inc., 17-0658, pp. 6-7 (La. App. 1st Cir. 12/29/17), 241 So. 3d 471, 477.

In the matter before us, the requirements for invoking the privilege are satisfied as both the jurisprudence and statutory law of this state recognize that statements by attorneys in judicial proceedings generally are subject to a qualified

---

[4] One purpose of the privilege extended to attorneys for statements made in judicial proceedings is to discourage actions against persons who are merely performing their duties. Attorneys must be free to represent their clients without constant fear of actions based on statements made in the zealous prosecution or defense of an action. Freeman, 414 So. 2d at 359.

privilege.[5] Here, the statements complained of by Gentry were asserted in petitions in the underlying litigation and were clearly material to the issues presented in the lawsuit. Therefore, we find that the first step of the privilege analysis is met; and it is the second step of the analysis—the determination of whether the privilege was abused—on which our resolution hinges.

In determining whether the privilege was abused, "the courts have focused on two factors: one, that the plaintiff has the burden of proving malice or lack of good faith; and two, that the definition of malice or lack of good faith in this context is predominately one of objective reasonableness." Smith, 93-2512 at p. 19, 639 So. 2d at 746. The most commonly cited ways in which the qualified privilege can be abused are when the defendant's remarks are made with malice or without good faith or for a purpose outside of the scope of the privilege. "Good faith" is synonymous with "without malice," and means having reasonable grounds for believing that the statement is correct. Kennedy, 05-1418 at pp. 20-21, 935 So. 2d 669, 683-684. Additionally, a privilege is abused if the publisher knows the matter to be false or acts in reckless disregard as to its truth or falsity. Barber, 17-0658 at p. 7, 241 So. 3d at 477.

Applying these principles, we conclude that Gentry cannot establish an abuse of the privilege in the matter before us. In his opposition to the summary judgment, Gentry put forth a February 2009 affidavit from McNeal himself, the original plaintiff in the underlying litigation, who states the following, in part:

> The allegations of adverse possession that were stated in the First Supplemental and the Amended Petition to the original lawsuit number 06-0047 also in the second lawsuit number C-2007415 were [Spillers'] suggestion. ... After the fraudulent allegations were

---

[5] We note that the "qualified privilege" was asserted in Spillers' peremptory exception of no cause of action. See La. C.C.P. art 1005.

6

dismissed from the original lawsuit, Paul insisted that we assert the claims of Adverse Possession.

***

Mr. Spillers read the transcript of my deposition taken on February 28, 2007 at his office. Attorney Spillers was present during that deposition, he was aware of the fact that I denied ownership of the property in question. All of the above was known by Mr. Spillers before filing either suit asserting Adverse Possession.

I asked Paul to visit the subject area with me ... Paul asked me if I or anyone in my family had ever maintained that area, my answer was no. He looked for signs of old fence, barbed wire or anything that would indicate possession, nothing was found.

Approximately three (3) weeks after the law suit was filed, I told Attorney Spillers to drop it. ... At one point when I told [Spillers] to drop or settle the suit he asked me how much I would agree to settle for, my comment was, I don't know, whatever, I just want it to stop. I then asked what do you think? [Spillers] stated $40,000.00, I stated well if we are going to play the numbers game why not say $60,000.00 and negotiate down to zero if necessary. ... Not once did Paul Spillers ever suggest dropping the law suit. If he did, none of this would be.

McNeal also asserted in his affidavit that Spillers listened to the tape recording of the September 2005 real estate closing prior to filing suit against the Gentrys; Spillers never contacted Moss to determine what knowledge he had concerning the property and was not present when Moss signed his affidavit; Spillers only contacted Gentry twice concerning a settlement; Spillers had his own agenda and wanted to go to trial; McNeal never told Spillers to subdivide and develop the trust property; and in October 2008, after learning that Gentry had filed an ethics complaint, Spillers asked McNeal to sign an affidavit pertaining to Gentry.

Here, while the affidavit alludes to what may be unprofessional conduct by Spillers, it does not raise a genuine issue of material fact on the matter at hand. With regard to "adverse possession," McNeal accuses Spillers of making a "fraudulent" claim. However, when we consider the affidavit and evidence as a

7

whole, we find it devoid of specific facts that constitute proof of malice or falsity.[6] The fact that no evidence of maintenance of the property by McNeal's family was found during a visit to the property does not establish that the complained of statements were knowingly false or made with bad faith; neither does the fact that ownership of the property was denied by McNeal during his deposition. As expressed in Freeman, 414 So. 2d at 359, an attorney must be free to allege facts constituting unacceptable behavior if there is any reasonable basis for such an allegation and if the behavior is relevant to the proceeding. Even proof of gross negligence in the publication of a false statement is insufficient to prove reckless disregard. There must instead be evidence that the defendant was highly aware that the statements were probably false. Kennedy, 05-1418 at p. 29, 935 So. 2d at 688. To the contrary, however, here, the January 2008 affidavit of Moses Moss and November 2007 deposition of Delbert Henderson, show support for and provide a reasonable basis for the adverse possession claim,[7] so too does the January 2008 affidavit of McNeal.[8]

As for the real estate transaction claim, we likewise find no evidence to support the contention that those allegations were made with malice or falsity. We find that nothing about the "recording" from the real estate closing (R. 8/1400) establishes that Spillers knew the allegations in the petition were untrue, as argued by Gentry. Neither do we find a reckless disregard for the truth, as assertions

---

[6] Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. Salvador v. Main St. Family Pharmacy, L.L.C., 17-1757, p. 6 (La. App. 1st Cir. 6/4/18), 251 So. 3d 1107, 1112.

[7] Mr. Moss stated in his affidavit and a subsequent deposition that he cut timber on and enjoyed the McNeal/Roberson property, with their permission. Mr. Henderson, by deposition, stated that he saw timber being cut on the subject property.

[8] In his affidavit, McNeal asserts that he is the trustee of the Luella E. McNeal Revocable Trust and that "[t]his property has been owned by the Trust and its predecessors in title ... continuously for a period in excess of 30 years."

attacking Spillers' professionalism or credibility do not constitute evidence that he was highly aware that the allegations were probably false. If anything, the allegations of the real estate transaction are supported by the fact that the matter went to trial, even after Gentry moved for summary judgment.

On this matter, Gentry has failed to submit evidence sufficient to show that he will be able to meet his burden of proof at trial—he has made no showing that the complained of statements were made with bad faith or a disregard for the truth. He also has made no showing that the statements were made for a purpose outside of the scope of the privilege. Accordingly, we conclude that the statements were privileged, and that the privilege was not abused. We therefore find no merit in the plaintiff's assertion that the trial court erred in granting the defendant's motion for summary judgment.

**Malicious Prosecution**

Gentry also alleges malicious prosecution by Spillers. To prevail on his malicious prosecution claim, Gentry must prove: (1) the commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by Spillers against Gentry; (3) its bona fide termination in favor of Gentry; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to Gentry. See Markovich v. Villere, 17-1739, p. 8 (La. App. 1st Cir. 2/28/19), 273 So. 3d 333, 340-341, writ denied, 19-0050 (La. 5/20/19), 271 So. 3d 201. The action for malicious prosecution has never been favored, and strict compliance with all essential elements is required for its application. Way-Jo, L.L.C. v. Anthony, 20-0361, *6 (La. App. 1st Cir. 12/30/20), ___ So. 3d ___.

The trial court herein appears to have dismissed Gentry's malicious prosecution claim on the grounds that he did not meet his burden of proving the absence of probable cause for the proceedings, the presence of malice therein, and

9

legal causation. We agree. Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting. Ferrant v. Parish of Tangipahoa ex rel. Coroner's Office, 01-2278, p. 4 (La. App. 1st Cir. 6/21/02), 822 So. 2d 118, 120. The crucial determination in regard to the absence of probable cause is whether the defendant had an honest and reasonable belief in the guilt of the plaintiff. Markovich, 17-1739 at p. 8, 273 So. 3d at 341. Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the other person's rights. Markovich, 17-1739 at p. 8, 273 So. 3d at 341. In a malicious prosecution action, there must be malice in fact. Cook, 10-0295 at p. 20, 49 So. 3d at 37.

Our prior observations in discussing the plaintiff's defamation claim are relevant here. As to the adverse possession claim, the same considerations that justify the qualified privilege also support the conclusion that such a claim, made without malice and founded upon reasonable grounds, simply cannot constitute malicious prosecution under the foregoing standard. Therefore, summary judgment was appropriate.[9]

As it concerns the real estate transaction claim, notwithstanding our previous finding on the presence of malice, it is also clear that Gentry will not be able to meet his burden of proof at trial on the element of legal causation. Gentry's own evidence in opposition to the summary judgment establishes that McNeal felt as if there had been "misrepresentations" at the real estate closing; McNeal felt he had been deceived. Shortly after the real estate closing, McNeal brought the recording of the closing to Spillers and explained what he intended to sell to Gentry.

---

[9] We pretermit the issue of whether the voluntary dismissal of the underlying adverse possession claim constitutes a bona fide termination in favor of Gentry.

According to McNeal, he and Spillers discussed the lawsuit, and made a decision together: "we both made the ... agreement to file a lawsuit at that particular time."

Given these facts, and given the fact that there is no evidence before us showing that Spillers deliberately encouraged McNeal to file suit or ultimately caused the litigation to commence, we conclude that Gentry will not be able to prove his claim. Accordingly, Spillers is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, we affirm the February 26, 2019 judgment of the trial court that granted summary judgment and dismissed the claims of plaintiff John Stewart Gentry against defendant Paul D. Spillers. All costs of this appeal are assessed to the plaintiff, John Stewart Gentry.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1077


JOHN STEWART GENTRY

VERSUS

PAUL D. SPILLERS

✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶

**McClendon, J., dissenting.**

I find that that the affidavit of Melvin McNeal executed on February 19, 2009 creates genuine issues of material fact such that a grant of a summary judgment is not appropriate. Further, while the circumstances of this case may cast doubt on the credibility of such affidavit, it is well settled that the court cannot make credibility determinations on a motion for summary judgment. **Amos v. K-Jon, Inc.**, 2020-00750 (La. 10/20/20), 303 So.3d 301, 302. For these reasons, I respectfully dissent.